UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| ALYSSON MILLS, IN HER CAPACITY AS RECEIVER FOR ARTHUR LAMAR ADAMS AND MADISON TIMBER PROPERTIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BUTLER SNOW LLP; BUTLER SNOW ADVISORY SERVICES, LLC; MATT THORNTON; BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC; ALEXANDER SEAWRIGHT, LLC; BRENT ALEXANDER; and JON SEAWRIGHT,<br><br>Defendants. | Case No. 3:18-cv-00866 CWR-FKB<br><br>Arising out of Case No. 3:18-cv-252, *Securities and Exchange Commission v. Arthur Lamar Adams and Madison Timber Properties, LLC*<br><br>Hon. Carlton W. Reeves, District Judge |

**NOTICE OF RELATEDNESS**

Alysson Mills, in her capacity as the court-appointed receiver for Arthur Lamar Adams and Madison Timber Properties, LLC (the "Receiver"), through undersigned counsel, files this Notice of Relatedness, and states as follows:

1.

The Receiver has this day filed a complaint against Defendants against Butler Snow LLP; Butler Snow Advisory Services, LLC; Matt Thornton; Baker, Donelson, Bearman, Caldwell & Berkowitz, PC; Alexander Seawright, LLC; Brent Alexander; and Jon Seawright that alleges the

defendants' actions contributed to the success of the Madison Timber Ponzi scheme, and therefore to the debts of the Receivership Estate.

2.

The complaint arises out of and relates to the civil action already pending in this Court styled *Securities & Exchange Commission v. Arthur Lamar Adams and Madison Timber Properties, LLC*, No. 3:18-cv-252-CWR-FKB. In that civil action, the Securities & Exchange Commission ("S.E.C.") alleges that "[b]eginning in approximately 2004," Adams, through Madison Timber, "committed securities fraud by operating a Ponzi scheme" in violation of the Securities Act of 1933 and Securities & Exchange Act of 1934.[1]

3.

The S.E.C. requested that the Court appoint a receiver for the estates of Adams and Madison Timber.[2] As the Court that appointed the Receiver, this Court has jurisdiction over any claim brought by the Receiver in the execution of her duties. "[I]t is well-settled that when an initial suit results in the appointment of the receiver, any suit that the receiver thereafter brings in the appointment court in order to execute h[er] duties is ancillary to the main suit." *U.S. Small Bus. Admin. v. Integrated Envtl. Sols., Inc.*, No. 05-cv-3041, 2006 WL 2336446, at *2 (S.D. Tex. Aug. 10, 2006) (citing *Haile v. Henderson Nat'l Bank*, 657 F.2d 816, 822 (6th Cir. 1981)). *See also* 28 U.S.C. § 1692 ("In proceedings in a district court where a receiver is appointed for property, real, personal, or mixed, situated in different districts, process may issue and be executed in any such district as if the property lay wholly within one district . . . ").

---

[1] Doc. 3, Securities & Exchange Commission vs. Adams, et al., No. 3:18-cv-00252 (S.D. Miss).

[2] Docs. 11, 21, Securities & Exchange Commission vs. Adams, et al., No. 3:18-cv-00252 (S.D. Miss).

4.

Consistent with that precedent, Chief U.S. District Judge Daniel P. Jordan III has ordered that all "cases filed by the duly appointed Receiver . . . which . . . arise out of or relate to [*Securities & Exchange Commission v. Arthur Lamar Adams and Madison Timber Properties, LLC*, No. 3:18-cv-252-CWR-FKB] shall be directly assigned by the Clerk of Court to U.S. District Judge Carlton W. Reeves and U.S. Magistrate Judge F. Keith Ball."[3]  Chief Judge Jordan's order instructs the Receiver or any other party to "file, contemporaneously with the complaint or other initiating pleading, a notice setting forth that the case filed or proposed to be filed is, in fact, related to said matter."

5.

The Receiver files this notice to comply with Chief Judge Jordan's order and to request that the Clerk of Court assign this related civil action to U.S. District Judge Carlton W. Reeves and U.S. Magistrate Judge F. Keith Ball.

---

[3] Doc. 45, Securities & Exchange Commission vs. Adams, et al., No. 3:18-cv-00252 (S.D. Miss).

December 19, 2018

Respectfully submitted,

| | |
|---|---|
| */s/ Lilli Evans Bass* | */s/ Brent B. Barriere* |
| BROWN BASS & JETER, PLLC | FISHMAN HAYGOOD, LLP |
| Lilli Evans Bass, Miss. Bar No. 102896 | *Admission pro hac vice pending* |
| LaToya T. Jeter, Miss. Bar No. 102213 | Brent B. Barriere, *Primary Counsel* |
| 1755 Lelia Drive, Suite 400 | Jason W. Burge |
| Jackson, Mississippi 39216 | Kristen D. Amond |
| Tel: 601-487-8448 | Rebekka C. Veith |
| Fax: 601-510-9934 | 201 St. Charles Avenue, Suite 4600 |
| bass@bbjlawyers.com | New Orleans, Louisiana 70170 |
| *Receiver's counsel* | Tel: 504-586-5253 |
| | Fax: 504-586-5250 |
| | bbarriere@fishmanhaygood.com |
| | jburge@fishmanhaygood.com |
| | kamond@fishmanhaygood.com |
| | rveith@fishmanhaygood.com |
| | *Receiver's counsel* |