**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**ALYSSON MILLS, IN HER CAPACITY**                          **PLAINTIFF**
**AS RECEIVER FOR ARTHUR LAMAR**
**ADAMS AND MADISON TIMBER**
**PROPERTIES, LLC**

**vs.**                          **CASE NO. 3:18-cv-866-CWR-FKB**

**BUTLER SNOW LLP; BUTLER SNOW**                          **DEFENDANTS**
**ADVISORY SERVICES, LLC; MATT**
**THORNTON; BAKER, DONELSON,**
**BEARMAN, CALDWELL & BERKOWITZ**
**PC; ALEXANDER SEAWRIGHT, LLC;**
**BRENT ALEXANDER; and JON**
**SEAWRIGHT**

---

**ANSWER AND AFFIRMATIVE DEFENSES OF ALEXANDER SEAWRIGHT, LLC,
BRENT ALEXANDER, AND JON SEAWRIGHT**

---

Defendants Alexander Seawright, LLC ("Alexander Seawright"), Brent Alexander, and Jon Seawright (collectively, the "Alexander Seawright Defendants"), by and through undersigned counsel, file this Answer and Affirmative Defenses in response to the Complaint filed against them by Plaintiff Alysson Mills, in her capacity as Receiver for Arthur Lamar Adams ("Adams") and Madison Timber Properties, LLC ("Madison Timber").

## ANSWER

Subject to and without waiving any of their affirmative defenses stated below, the Alexander Seawright Defendants answer the specific allegations of the Receiver's Complaint, paragraph by paragraph, each of the following numbered and unnumbered paragraphs corresponding to those in the Complaint. For convenience, the Alexander Seawright Defendants may answer several consecutive paragraphs of the Receiver's Complaint with a single response,

identifying the paragraphs to which the response is directed. All allegations of the Receiver's

Complaint that are not expressly admitted in this Answer are hereby denied. The Alexander

Seawright Defendants' admissions are confined to the exact language in this Answer, and to the

extent that any response varies from the wording of the allegations of the Complaint, those

allegations are denied. The Alexander Seawright Defendants deny all allegations and inferences

contained in the headings and subheadings used in the Complaint.

## INTRODUCTION

The Receiver's allegations in her Introduction are not directed to the Alexander

Seawright Defendants and therefore do not require a response from them. To the extent a

response is required from the Alexander Seawright Defendants, they are without sufficient

knowledge and information to respond to all of the allegations in the Introduction and therefore

deny the same, except as follows. The Alexander Seawright Defendants admit:  it is apparent that

Adams and Madison Timber operated a Ponzi scheme that defrauded hundreds of lenders,

including Alexander and Seawright; the Alexander Seawright Defendants believed that Madison

Timber used their money as well as other lenders' money to purchase timber from landowners,

sold the timber to lumber mills at a higher price, and repaid lenders their principal plus interest

with the proceeds of those timber sales. The Alexander Seawright Defendants deny the

remaining allegations in the Introduction. All allegations not expressly admitted are denied. The

Alexander Seawright Defendants affirmatively state that they had no knowledge of Adams's

fraudulent conduct or his intent to operate Madison Timber as a Ponzi scheme.

## JURISDICTION AND VENUE

1.      The allegations in Paragraph 1 attempt to state legal conclusions to which no

response is required from the Alexander Seawright Defendants. To the extent a response is

required from the Alexander Seawright Defendants, they admit that this Court has jurisdiction

over this action and the parties and that venue is proper in this Court. All allegations not expressly admitted are denied.

2.     The allegations in Paragraph 2 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they admit that this action is related to a civil action pending before the Court styled *Securities and Exchange Commission v. Arthur Lamar Adams and Madison Timber Properties, LLC*, No. 3:18-cv-252-CWR-FKB. The pleadings in that action speak for themselves. All allegations not expressly admitted are denied.

3.     The allegations in Paragraph 3 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. Further, the allegations in Paragraph 3 attempt to state legal conclusions to which no response is required by the Alexander Seawright Defendants. To the extent a response is required from the Alexander Seawright Defendants, they deny that the Receiver is entitled to bring any suit or claim against them. All allegations not expressly admitted are denied.

4.     The allegations in Paragraph 4 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they state that the pleadings filed in *Securities and Exchange Commission v. Arthur Lamar Adams and Madison Timber Properties, LLC*, No. 3:18-cv-252-CWR-FKB, speak for themselves. All allegations not expressly admitted are denied.

**PARTIES**

5.     The allegations in Paragraph 5 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. Further, the allegations in Paragraph 5 attempt to state legal conclusions to which no response is required by the Alexander

3

Seawright Defendants. To the extent a response is required from the Alexander Seawright Defendants, they admit that Plaintiff Alysson Mills has been appointed by the Court as Receiver for the estates of Adams and Madison Timber. The Alexander Seawright Defendants deny the remaining allegations of Paragraph 5 to the extent they are inconsistent with the Court's order, which speaks for itself.  The Alexander Seawright Defendants deny that the Receiver has standing to pursue claims against them. All allegations not expressly admitted are denied.

6.     The allegations in Paragraph 6 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they admit upon information and belief that Butler Snow LLP is a limited liability partnership doing business in Mississippi. All allegations not expressly admitted are denied.

7.     The allegations in Paragraph 7 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they admit upon information and belief that Butler Snow Advisory Services, LLC is a Mississippi limited liability company doing business in Mississippi. All allegations not expressly admitted are denied.

8.     The allegations in Paragraph 8 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they are without sufficient knowledge and information to admit or deny the allegations in Paragraph 8 and therefore deny the same. All allegations not expressly admitted are denied.

9.     The allegations in Paragraph 9 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is

required from the Alexander Seawright Defendants, they admit that Baker, Donelson, Bearman, Caldwell & Berkowitz, PC ("Baker Donelson") is a Tennessee professional corporation doing business in Mississippi. All allegations not expressly admitted are denied.

10.    Admitted.

11.    Admitted.

12.    The Alexander Seawright Defendants admit that Jon Seawright is an adult resident of Jackson, Mississippi, that he is a shareholder of Baker Donelson, and that he and Brent Alexander are the sole members of Alexander Seawright, LLC. The Alexander Seawright Defendants admit that Jon Seawright was previously a member of Baker Donelson's national governing Board of Directors, although he is not currently a member of the Board of Directors.

## ADAMS AND MADISON TIMBER

13.    The allegations in Paragraph 13 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they admit that Adams, through Madison Timber, operated a Ponzi scheme that purported to purchase timber from landowners and resell it to lumber mills at higher prices. All allegations not expressly admitted are denied.

14.    The allegations in Paragraph 14 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they are without sufficient knowledge and information to admit or deny the allegations in Paragraph 14 and therefore deny the same.

15.    The allegations in Paragraph 15 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they admit that they believed Madison

Timber would use the loans to acquire timber deeds and cutting agreements; that Madison

Timber would sell the timber to lumber mills at a higher price; and that Madison Timber would

use proceeds of those sales to repay the lenders principal plus interest. All allegations not

expressly admitted are denied.

16.     The allegations in Paragraph 16 are not directed to the Alexander Seawright

Defendants and therefore do not require a response from them. To the extent a response is

required from the Alexander Seawright Defendants, they admit that lenders received promissory

notes in the amount of their loans, payable in twelve monthly installments together with

promised interest. They admit that lenders received twelve pre-dated checks, each in the amount

of the installment due under the promissory note. They admit that lenders received a timber deed

and cutting agreement by which a named landowner purported to grant to Madison Timber the

rights to harvest timber on the land described in the deed and by which Madison Timber

purported to grant its rights to the lender. All allegations not expressly admitted are denied.

17.     The allegations in Paragraph 17 are not directed to the Alexander Seawright

Defendants and therefore do not require a response from them. To the extent a response is

required from the Alexander Seawright Defendants, they admit upon information and belief that

most if not all of the timber deeds and cutting agreements have been deemed to be fraudulent.

The Alexander Seawright Defendants are without sufficient knowledge and information to admit

or deny the remaining allegations in Paragraph 17 and therefore deny the same. All allegations

not expressly admitted are denied.

18.     The allegations in Paragraph 18 are not directed to the Alexander Seawright

Defendants and therefore do not require a response from them. To the extent a response is

required from the Alexander Seawright Defendants, they are without sufficient knowledge and information to admit or deny the allegations in Paragraph 18 and therefore deny the same.

19.     The allegations in Paragraph 19 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they are without sufficient knowledge and information to admit or deny the allegations in Paragraph 19 and therefore deny the same.

20.     The allegations in Paragraph 20 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they admit that Adams turned himself into authorities on or about April 19, 2018. The Alexander Seawright Defendants are without sufficient knowledge and information to admit or deny the remaining allegations in Paragraph 20 and therefore deny the same. All allegations not expressly admitted are denied.

21.     The allegations in Paragraph 21 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they admit the allegations in Paragraph 21, upon information and belief.

22.     The allegations in Paragraph 22 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they admit the allegations in Paragraph 22, upon information and belief.

23.     The allegations in Paragraph 23 attempt to state legal conclusions to which no response is required by the Alexander Seawright Defendants. To the extent a response is required

from the Alexander Seawright Defendants, they are without sufficient knowledge and information to admit or deny the allegations in Paragraph 23 and therefore deny the same.

24.     Some of the allegations in Paragraph 24 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. Further, the allegations in Paragraph 24 attempt to state legal conclusions to which no response is required by the Alexander Seawright Defendants. To the extent a response is required from the Alexander Seawright Defendants, they deny all of the allegations in Paragraph 24.

25.     The allegations in Paragraph 25 attempt to state legal conclusions to which no response is required by the Alexander Seawright Defendants. To the extent a response is required from the Alexander Seawright Defendants, they deny the allegations in Paragraph 25.

## BUTLER SNOW

26. – 67.   Paragraphs 26 through 67 of the Receiver's Complaint are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they are without sufficient knowledge and information to admit or deny the allegations in Paragraphs 26 through 67 and therefore deny the same.

## BAKER DONELSON

68.     Denied.

69.     Denied.

70.     The Alexander Seawright Defendants deny that they formed a partnership with Adams. The Alexander Seawright Defendants admit that Alexander Seawright, LLC worked in good faith to coordinate loans from Alexander Seawright Timber Fund I, LLC ("Timber Fund I"), of which Alexander Seawright, LLC was a member, to Madison Timber. In exchange for its

work coordinating the loans, Madison Timber paid Alexander Seawright, LLC loan-origination fees. The Alexander Seawright Defendants admit that they believed the loans were low risk. The Alexander Seawright Defendants deny the allegedly quoted language set forth in Paragraph 70 to the extent the same is inconsistent with the documents, emails, and text messages produced by the Alexander Seawright Defendants to the Receiver. All allegations not expressly admitted are denied.

71.     The Alexander Seawright Defendants admit that they believed Madison Timber was a legitimate business that presented an opportunity for lenders to earn interest on their loans. The Alexander Seawright Defendants deny that they pitched the first loan opportunity to a client of Baker Donelson. The Alexander Seawright Defendants deny the allegedly quoted language set forth in Paragraph 71 to the extent the same is inconsistent with the documents, emails, and text messages produced by the Alexander Seawright Defendants to the Receiver. All allegations not expressly admitted are denied.

72.     The Alexander Seawright Defendants admit that Madison Timber paid Alexander Seawright, LLC loan-origination fees. The Alexander Seawright Defendants admit that Adams sometimes referred to the fees as "birddog fees." The Alexander Seawright Defendants deny the allegedly quoted language set forth in Paragraph 72 to the extent the same is inconsistent with the documents, emails, and text messages produced by the Alexander Seawright Defendants to the Receiver. All allegations not expressly admitted are denied.

73.     The Alexander Seawright Defendants admit that Madison Timber paid Alexander Seawright, LLC loan-origination fees. The Alexander Seawright Defendants deny the remaining allegations of Paragraph 73.

74.     The Alexander Seawright Defendants admit that Alexander Seawright, LLC prepared subscription agreements and accompanying documents for the loans to Madison Timber from Timber Fund I, which was initially called Alewright Investments, LLC. The Alexander Seawright Defendants admit that Alexander Seawright, LLC worked in good faith to coordinate loans from Timber Fund I, of which Alexander Seawright, LLC was a member, to Madison Timber. In exchange for its work coordinating the loans, Madison Timber paid Alexander Seawright, LLC loan-origination fees. The Alexander Seawright Defendants deny the remaining allegations of Paragraph 74.

75.     The Alexander Seawright Defendants deny that they "pitched their fund to potential investors, including Baker Donelson clients, as an exclusive 'friends and family' fund." The Alexander Seawright Defendants admit that Brent Alexander used the phrase "simple, elegant and profitable" to describe the Timber Fund I loan model. The Alexander Seawright Defendants deny that "neither Alexander nor Seawright invested their own money in the fund." The Alexander Seawright Defendants deny the other allegedly quoted language set forth in Paragraph 75 to the extent the same is inconsistent with the documents, emails, and text messages produced by the Alexander Seawright Defendants to the Receiver. All allegations not expressly admitted are denied.

76.     The Alexander Seawright Defendants deny that "Alexander was a persistent salesman." The Alexander Seawright Defendants deny the allegedly quoted language set forth in Paragraph 76 to the extent the same is inconsistent with the documents, emails, and text messages produced by the Alexander Seawright Defendants to the Receiver. All allegations not expressly admitted are denied.

10

77.     The Alexander Seawright Defendants deny that "[i]f a potential investor was noncommittal, Alexander applied pressure." The Alexander Seawright Defendants deny the allegedly quoted language set forth in Paragraph 77 to the extent the same is inconsistent with the documents, emails, and text messages produced by the Alexander Seawright Defendants to the Receiver. All allegations not expressly admitted are denied.

78.     Denied.

79.     The allegations in Paragraph 79 attempt to state legal conclusions to which no response is required by the Alexander Seawright Defendants. To the extent a response is required from the Alexander Seawright Defendants, they are without sufficient knowledge and information to admit or deny allegations regarding what lenders might have "reasonably believed" and therefore deny the same. All allegations not expressly admitted are denied.

80.     Denied.

81.     The Alexander Seawright Defendants deny the allegations of Paragraph 81 to the extent they are inconsistent with the biographies of Jon Seawright and Brent Alexander on the Baker Donelson website. All allegations not expressly admitted are denied.

82.     Denied.

83.     The Alexander Seawright Defendants admit that they occasionally used Baker Donelson's Jackson, Mississippi office address for business related to the loans by Timber Fund I to Madison Timber. The Alexander Seawright Defendants deny the remaining allegations of Paragraph 83.

84.     The Alexander Seawright Defendants admit that they discussed the Timber Fund I loans with Baker Donelson colleagues. The Alexander Seawright Defendants deny the allegedly quoted language set forth in Paragraph 84 to the extent the same is inconsistent with the

documents, emails, and text messages produced by the Alexander Seawright Defendants to the Receiver. All allegations not expressly admitted are denied.

85.     The Alexander Seawright Defendants deny that that they undertook no meaningful evaluations of the loans. The Alexander Seawright Defendants admit that they asked about potential risks to the timber in the event of natural disasters, and they received assurances from Adams that all tracts were covered by an umbrella insurance policy. The Alexander Seawright Defendants deny the allegedly quoted language set forth in Paragraph 85 to the extent the same is inconsistent with documents, emails, and text messages produced by the Alexander Seawright Defendants to the Receiver. All allegations not expressly admitted are denied.

86.     The Alexander Seawright Defendants admit that they gave lenders "Equity Term Sheets" that described the terms of loans to be made from Timber Fund I to Madison Timber. The Alexander Seawright Defendants deny that the March 5, 2017 Equity Term Sheet states that the Alexander Seawright Defendants would personally inspect the property. The Alexander Seawright Defendants deny the allegedly quoted language set forth in Paragraph 86 to the extent the same is inconsistent with documents, emails, and text messages produced by the Alexander Seawright Defendants to the Receiver. All allegations not expressly admitted are denied.

87.     The Alexander Seawright Defendants admit that they prepared a loan closing checklist that speaks for itself. The Alexander Seawright Defendants deny the remaining allegations in Paragraph 87.

88.     The Alexander Seawright Defendants admit that they inspected tracts of land that were the subjects of the property deeds. The Alexander Seawright Defendants deny the allegedly quoted language set forth in Paragraph 88 to the extent the same is inconsistent with the

documents, emails, and text messages produced by the Alexander Seawright Defendants to the Receiver. All allegations not expressly admitted are denied.

89. Denied.

90. Denied.

91. The allegations in Paragraph 91 attempt to state legal conclusions to which no response is required by the Alexander Seawright Defendants. To the extent a response is required from the Alexander Seawright Defendants, they deny all of the allegations in Paragraph 91.

92. The Alexander Seawright Defendants deny that they did not undertake meaningful investigations of the loans. The Alexander Seawright Defendants deny the allegedly quoted language set forth in Paragraph 92 to the extent the same is inconsistent with the documents, emails, and text messages produced by the Alexander Seawright Defendants to the Receiver. All allegations not expressly admitted are denied.

93. Denied.

94. Denied.

95. The Alexander Seawright Defendants admit upon information and belief that the majority of timber deeds and cutting agreements have been deemed to be fraudulent. The Alexander Seawright Defendants deny that they should have recognized that the signatures were forged by Adams, because the deeds were notarized. The Alexander Seawright Defendants deny the remaining allegations in Paragraph 95.

96. The Alexander Seawright Defendants lack sufficient knowledge and information to admit or deny whether Madison Timber ever had any real contracts with mills and whether a call to the mills would have "confirmed the truth," and therefore deny those allegations. The

Alexander Seawright Defendants admit that they never called a mill. All allegations not expressly admitted are denied.

97.     The Alexander Seawright Defendants admit that Adams required lenders to agree not to record the deeds unless Madison Timber failed to make a payment due under the promissory note. The Alexander Seawright Defendants deny the allegedly quoted language set forth in Paragraph 97 to the extent the same is inconsistent with the documents, emails, and text messages produced by the Alexander Seawright Defendants to the Receiver. The Alexander Seawright Defendants deny the remaining allegations in Paragraph 97.

98.     The Alexander Seawright Defendants are without sufficient knowledge and information to admit or deny the allegations in the first sentence of Paragraph 98 and therefore deny the same. The Alexander Seawright Defendants deny the allegedly quoted language set forth in Paragraph 98 to the extent the same is inconsistent with the documents, emails, and text messages produced by the Alexander Seawright Defendants to the Receiver. The Alexander Seawright Defendants deny the remaining allegations in Paragraph 98.

99.     The Alexander Seawright Defendants are without sufficient knowledge and information to admit or deny the allegations in the first two sentences of Paragraph 99 and therefore deny the same. The Alexander Seawright Defendants deny that they never "evaluated the investment in light of" market considerations. The Alexander Seawright Defendants deny the allegedly quoted language set forth in Paragraph 99 to the extent the same is inconsistent with the documents, emails, and text messages produced by the Alexander Seawright Defendants to the Receiver. All allegations not expressly admitted are denied.

100.    The Alexander Seawright Defendants admit that Adams told them that Madison Timber would not issue checks in December going forward and that what had been a 12-month

payoff would become a 13-month payoff, skipping the last month of the year. The Alexander

Seawright Defendants deny the allegedly quoted language set forth in Paragraph 100 to the

extent the same is inconsistent with the documents, emails, and text messages produced by the

Alexander Seawright Defendants to the Receiver. The Alexander Seawright Defendants deny the

remaining allegations in Paragraph 100.

101.    The Alexander Seawright Defendants deny the allegedly quoted language set

forth in Paragraph 101 to the extent the same is inconsistent with the documents, emails, and text

messages produced by the Alexander Seawright Defendants to the Receiver. The Alexander

Seawright Defendants affirmatively state that Alexander Seawright Timber Fund II, LLC

("Timber Fund II") was formed on April 23, 2018, the day before the Alexander Seawright

Defendants learned that Madison Timber was a sham. Timber Fund II never started operations, it

never accepted any members other than Alexander Seawright, LLC, and it never participated in

any loans to Madison Timber. All allegations not expressly admitted are denied.

102.    The Alexander Seawright Defendants deny the allegedly quoted language set

forth in Paragraph 102 to the extent the same is inconsistent with the documents, emails, and text

messages produced by the Alexander Seawright Defendants to the Receiver. The Alexander

Seawright Defendants admit that they used Baker Donelson's Jackson, Mississippi office for

business related to Timber Fund I. Again, the Alexander Seawright Defendants affirmatively

state that Timber Fund II was formed on April 23, 2018, the day before the Alexander Seawright

Defendants learned that Madison Timber was a sham. Fund II never started operations, it never

accepted any members other than Alexander Seawright, LLC, and it never participated in any

loans to Madison Timber. All allegations not expressly admitted are denied.

103.     The Alexander Seawright Defendants admit that they formed Timber Fund II. The Alexander Seawright Defendants admit that they compiled information regarding their proposal for Timber Fund II to share with potential lenders, which speaks for itself. The Alexander Seawright Defendants deny the allegedly quoted language set forth in Paragraph 103 to the extent the same is inconsistent with the documents, emails, and text messages produced by the Alexander Seawright Defendants to the Receiver. All allegations not expressly admitted are denied.

104.     The Alexander Seawright Defendants admit that they compiled information regarding their proposal for Timber Fund II to share with potential lenders, which speaks for itself. The Alexander Seawright Defendants deny the allegedly quoted language set forth in Paragraph 104 to the extent the same is inconsistent with the documents, emails, and text messages produced by the Alexander Seawright Defendants to the Receiver. All allegations not expressly admitted are denied.

105.     The Alexander Seawright Defendants admit that they received feedback regarding Timber Fund II that was "not all good." The Alexander Seawright Defendants deny the allegedly quoted language set forth in Paragraph 105 to the extent the same is inconsistent with the documents, emails, and text messages produced by the Alexander Seawright Defendants to the Receiver. All allegations not expressly admitted are denied.

106.     The Alexander Seawright Defendants deny that they did not stand to lose money in Timber Fund I. The Alexander Seawright Defendants further deny that they would not have stood to lose money in Timber Fund II, had it begun operations. The Alexander Seawright Defendants deny the allegedly quoted language set forth in Paragraph 106 to the extent the same

is inconsistent with the documents, emails, and text messages produced by the Alexander Seawright Defendants to the Receiver. All allegations not expressly admitted are denied.

107.    The Alexander Seawright Defendants deny the allegedly quoted language set forth in Paragraph 107 to the extent the same is inconsistent with the documents, emails, and text messages produced by the Alexander Seawright Defendants to the Receiver. All allegations not expressly admitted are denied.

108.    The Alexander Seawright Defendants deny the allegedly quoted language set forth in Paragraph 108 to the extent the same is inconsistent with the documents, emails, and text messages produced by the Alexander Seawright Defendants to the Receiver. All allegations not expressly admitted are denied.

109.    The Alexander Seawright Defendants admit that they identified an initial key lender for Timber Fund II, but that loan was never made. The Alexander Seawright Defendants deny the allegedly quoted language set forth in Paragraph 109 to the extent the same is inconsistent with the documents, emails, and text messages produced by the Alexander Seawright Defendants to the Receiver. All allegations not expressly admitted are denied.

110.    The Alexander Seawright Defendants deny that the initial key lender for Timber Fund II was a Baker Donelson client. The Alexander Seawright Defendants deny the allegedly quoted language set forth in Paragraph 110 to the extent the same is inconsistent with the documents, emails, and text messages produced by the Alexander Seawright Defendants to the Receiver. All allegations not expressly admitted are denied.

111.    The Alexander Seawright Defendants admit that they opened a bank account for Timber Fund II. The Alexander Seawright Defendants deny the allegedly quoted language set forth in Paragraph 111 to the extent the same is inconsistent with the documents, emails, and text

messages produced by the Alexander Seawright Defendants to the Receiver. All allegations not expressly admitted are denied.

112.     The Alexander Seawright Defendants admit that Adams turned himself into authorities and admitted the fraud before Timber Fund II began operations. The Alexander Seawright Defendants admit that they told others that they were victims of Adams's fraud, and they are. The Alexander Seawright Defendants deny the allegedly quoted language set forth in Paragraph 112 to the extent the same is inconsistent with the documents, emails, and text messages produced by the Alexander Seawright Defendants to the Receiver. All allegations not expressly admitted are denied.

## CAUSES OF ACTION

## COUNT I

## FOR CIVIL CONSPIRACY AGAINST ALL DEFENDANTS

113.     The Alexander Seawright Defendants incorporate herein by reference each of their above responses to the Receiver's Complaint.

114.     The allegations in Paragraph 114 attempt to state legal conclusions to which no response is required by the Alexander Seawright Defendants. To the extent a response is required by the Alexander Seawright Defendants to the allegations in Paragraph 114, they deny the same.

115.     Denied.

116.     Denied.

117.     The Alexander Seawright Defendants admit that Madison Timber has been determined to be a Ponzi scheme. The Alexander Seawright Defendants affirmatively state they never knew Adams was a fraud, they never knew Madison Timber was a Ponzi scheme, and they never acted with an unlawful purpose. All allegations not expressly admitted are denied.

118.    Denied.

119.    Denied.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied.

**COUNT II**

**FOR AIDING AND ABETTING AGAINST ALL DEFENDANTS**

126.    The Alexander Seawright Defendants incorporate herein by reference each of their above responses to the Receiver's Complaint.

127.    The allegations in Paragraph 127 attempt to state legal conclusions to which no response is required by the Alexander Seawright Defendants. To the extent a response is required by the Alexander Seawright Defendants to the allegations in Paragraph 127, they deny the same.

128.    Denied.

129.    Denied.

130.    Denied.

131.    Denied.

132.    Denied.

133.    Denied.

134.    Denied.

## COUNT III

## FOR RECKLESSNESS, GROSS NEGLIGENCE, AND AT A MINIMUM NEGLIGENCE

## AGAINST ALL DEFENDANTS

135.     The Alexander Seawright Defendants incorporate herein by reference each of their above responses to the Receiver's Complaint.

136.     The allegations in Paragraph 136 attempt to state legal conclusions to which no response is required by the Alexander Seawright Defendants. To the extent a response is required by the Alexander Seawright Defendants to the allegations in Paragraph 136, they deny the same.

137.     The allegations in Paragraph 137 attempt to state legal conclusions to which no response is required by the Alexander Seawright Defendants. To the extent a response is required by the Alexander Seawright Defendants to the allegations in Paragraph 137, they deny the same.

138.     Denied.

139.     Denied.

140.     Denied.

141.     Denied.

142.     Denied.

143.     Denied.

144.     Denied.

## COUNT IV

## FOR VIOLATIONS OF MISSISSIPPI'S FRAUDULENT TRANSFER ACT

## AGAINST BUTLER SNOW ADVISORY, THORNTON, ALEXANDER SEAWRIGHT, ALEXANDER, AND SEAWRIGHT

145.     The Alexander Seawright Defendants incorporate herein by reference each of their above responses to the Receiver's Complaint.

146.    The allegations in Paragraph 146 attempt to state legal conclusions to which no response is required by the Alexander Seawright Defendants. To the extent a response is required by the Alexander Seawright Defendants to the allegations in Paragraph 146, they deny the same.

147.    The allegations in Paragraph 147 attempt to state legal conclusions to which no response is required by the Alexander Seawright Defendants. To the extent a response is required by the Alexander Seawright Defendants to the allegations in Paragraph 147, they deny the same.

148.    The allegations in Paragraph 148 attempt to state legal conclusions to which no response is required by the Alexander Seawright Defendants. To the extent a response is required by the Alexander Seawright Defendants to the allegations in Paragraph 148, they deny the same.

149.    The allegations in Paragraph 149 attempt to state legal conclusions to which no response is required by the Alexander Seawright Defendants. To the extent a response is required by the Alexander Seawright Defendants to the allegations in Paragraph 149, they deny the same.

**COUNT V**

**FOR VIOLATIONS OF MISSISSIPPI'S RACKETEER INFLUENCED
AND CORRUPT ORGANIZATION ACT**

**AGAINST BUTLER SNOW ADVISORY, THORNTON,
ALEXANDER SEAWRIGHT, ALEXANDER, AND SEAWRIGHT**

150.    The Alexander Seawright Defendants incorporate herein by reference each of their above responses to the Receiver's Complaint.

151.    The allegations in Paragraph 151 attempt to state legal conclusions to which no response is required by the Alexander Seawright Defendants. To the extent a response is required by the Alexander Seawright Defendants to the allegations in Paragraph 151, they deny the same.

152.     The allegations in Paragraph 152 attempt to state legal conclusions to which no response is required by the Alexander Seawright Defendants. To the extent a response is required by the Alexander Seawright Defendants to the allegations in Paragraph 152, they deny the same.

153.     The allegations in Paragraph 153 attempt to state legal conclusions to which no response is required by the Alexander Seawright Defendants. To the extent a response is required by the Alexander Seawright Defendants to the allegations in Paragraph 153, they deny the same.

154.     Denied.

155.     Denied.

156.     Denied.

157.     Denied.

158.     Denied.

**COUNT VI**

**FOR JOINT VENTURE LIABILITY**

**AGAINST ALEXANDER SEAWRIGHT, ALEXANDER, AND SEAWRIGHT**

159.     The Alexander Seawright Defendants incorporate herein by reference each of their above responses to the Receiver's Complaint.

160.     The allegations in Paragraph 160 attempt to state legal conclusions to which no response is required by the Alexander Seawright Defendants. To the extent a response is required by the Alexander Seawright Defendants to the allegations in Paragraph 160, they deny the same.

161.     Denied.

162.     Denied.

163.     Denied.

164.     Denied.

22

## COUNT VII

## FOR ATTORNEY MALPRACTICE

## AGAINST BUTLER SNOW

165.    The Alexander Seawright Defendants incorporate herein by reference each of their above responses to the Receiver's Complaint.

166.    The allegations in Paragraph 166 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. Further, the allegations in Paragraph 166 attempt to state legal conclusions to which no response is required. To the extent a response is required from the Alexander Seawright Defendants, they deny the allegations in Paragraph 166.

167.    The allegations in Paragraph 167 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they deny the allegations in Paragraph 167.

168.    The allegations in Paragraph 168 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they deny the allegations in Paragraph 168.

169.    The allegations in Paragraph 169 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they deny the allegations in Paragraph 169.

170.    The allegations in Paragraph 170 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they deny the allegations in Paragraph 170.

171.     The allegations in Paragraph 171 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they deny the allegations in Paragraph 171.

172.     The allegations in Paragraph 172 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they deny the allegations in Paragraph 172.

173.     The allegations in Paragraph 173 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they deny the allegations in Paragraph 173.

174.     The allegations in Paragraph 174 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they deny the allegations in Paragraph 174.

175.     The allegations in Paragraph 175 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they deny the allegations in Paragraph 175.

176.     The allegations in Paragraph 176 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they deny the allegations in Paragraph 176.

## COUNT VIII

## FOR NEGLIGENT RETENTION AND SUPERVISION

## AGAINST BUTLER SNOW AND BAKER DONELSON

177.     The Alexander Seawright Defendants incorporate herein by reference each of their above responses to the Receiver's Complaint.

178.    The allegations in Paragraph 178 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. Further, the allegations in Paragraph 178 attempt to state legal conclusions to which no response is required. To the extent a response is required from the Alexander Seawright Defendants, they deny the allegations in Paragraph 178.

179.    The allegations in Paragraph 179 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they deny the allegations in Paragraph 179.

180.    The allegations in Paragraph 180 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they deny the allegations in Paragraph 180.

181.    The allegations in Paragraph 181 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they deny the allegations in Paragraph 181.

182.    The allegations in Paragraph 182 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they deny the allegations in Paragraph 182.

183.    The allegations in Paragraph 183 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they deny the allegations in Paragraph 183.

184.    The allegations in Paragraph 184 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they deny the allegations in Paragraph 184.

185.     The allegations in Paragraph 185 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they deny the allegations in Paragraph 185.

186.     The allegations in Paragraph 186 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they deny the allegations in Paragraph 186.

**LIABILITY OF BUTLER SNOW FOR BUTLER SNOW ADVISORY**

187.     The allegations in Paragraph 187 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. Further, the allegations in Paragraph 187 attempt to state legal conclusions to which no response is required. To the extent a response is required from the Alexander Seawright Defendants to the allegations in Paragraph 187, they deny the same.

188.     The allegations in Paragraph 188 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. Further, the allegations in Paragraph 188 attempt to state legal conclusions to which no response is required. To the extent a response is required from the Alexander Seawright Defendants to the allegations in Paragraph 188, they deny the same.

189.     The allegations in Paragraph 189 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. Further, the allegations in Paragraph 189 attempt to state legal conclusions to which no response is required. To the extent a response is required from the Alexander Seawright Defendants to the allegations in Paragraph 189, they deny the same.

**LIABILITY OF ALEXANDER AND SEAWRIGHT FOR ALEXANDER SEAWRIGHT**

190.    The allegations in Paragraph 190 attempt to state legal conclusions to which no response is required from the Alexander Seawright Defendants. To the extent a response is required from the Alexander Seawright Defendants, they deny the allegations in Paragraph 190.

191.    The allegations in Paragraph 191 attempt to state legal conclusions to which no response is required from the Alexander Seawright Defendants. To the extent a response is required from the Alexander Seawright Defendants, they deny the allegations in Paragraph 191.

192.    The allegations in Paragraph 192 attempt to state legal conclusions to which no response is required from the Alexander Seawright Defendants. To the extent a response is required from the Alexander Seawright Defendants, they deny the allegations in Paragraph 192. All allegations not expressly admitted are denied.

**BUTLER SNOW'S AND BAKER DONELSON'S VICARIOUS LIABILITY**

193.    The allegations in Paragraph 193 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. Further, the allegations in Paragraph 193 attempt to state legal conclusions to which no response is required. To the extent a response is required from the Alexander Seawright Defendants to the allegations in Paragraph 193, they deny the same.

194.    The allegations in Paragraph 194 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. Further, the allegations in Paragraph 194 attempt to state legal conclusions to which no response is required. To the extent a response is required from the Alexander Seawright Defendants to the allegations in Paragraph 194, they deny the same.

The Alexander Seawright Defendants deny the allegations contained in the unnumbered paragraph on page 44 of the Complaint beginning "WHEREFORE" and in each of its numbered subparagraphs. The Alexander Seawright Defendants deny that the Receiver is entitled to the relief requested or to any relief whatsoever from the Alexander Seawright Defendants.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Receiver's Complaint fails to state a claim against the Alexander Seawright Defendants for which relief can be granted. Therefore, the Receiver's claims against the Alexander Seawright Defendants should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### SECOND AFFIRMATIVE DEFENSE

The Receiver's claims against Jon Seawright and Brent Alexander are barred because the Receiver cannot pierce the limited liability veil of Alexander Seawright, LLC.

### THIRD AFFIRMATIVE DEFENSE

The Receiver's claims against the Alexander Seawright Defendants are barred by the doctrine of *in pari delicto*. The Receiver stands in the shoes of Adams and Madison Timber, the primary wrongdoers who controlled the Ponzi scheme that duped hundreds of people, including the Alexander Seawright Defendants. Accordingly, the Receiver cannot seek damages or contribution from the Alexander Seawright Defendants.

### FOURTH AFFIRMATIVE DEFENSE

The Receiver's claims against the Alexander Seawright Defendants are barred because the Receiver lacks standing to pursue claims on behalf of anyone other than Adams and Madison Timber.

## FIFTH AFFIRMATIVE DEFENSE

The Receiver's claims against the Alexander Seawright Defendants are barred because they did not owe any legal duty to Adams or Madison Timber, and they did not breach any legal duty allegedly owing to Adams or Madison Timber.

## SIXTH AFFIRMATIVE DEFENSE

The Receiver's claims against the Alexander Seawright Defendants are barred by the good faith value defense. The Alexander Seawright Defendants operated at all times in good faith and under a belief that they were doing business with a legitimate, legal business and not a fraudulent scheme. Moreover, the Alexander Seawright Defendants contributed in good faith significant amounts of time, money, services, and other value for which they were entitled to be compensated.

## SEVENTH AFFIRMATIVE DEFENSE

The Receiver's claims against the Alexander Seawright Defendants are barred by the acts and omissions of Adams and Madison Timber; the acts and omissions of the representatives and agents of Adams and Madison Timber; and the acts and omissions of others for whom the Alexander Seawright Defendants are not responsible. The Alexander Seawright Defendants are not directly or proximately responsible for any damages that Adams and Madison Timber might have allegedly suffered. The Receiver's claims against the Alexander Seawright Defendants are barred because the Alexander Seawright Defendants complied at all times with all applicable standards of care.

## EIGHTH AFFIRMATIVE DEFENSE

The Receiver's claims against the Alexander Seawright Defendants are barred by the doctrines of contributory negligence, comparative fault, waiver, estoppel, failure of

consideration, fraud, illegality, release, payment, accord and satisfaction, assumption of the risk, unclean hands, and by the failure of Adams and Madison Timber to mitigate their damages.

## NINTH AFFIRMATIVE DEFENSE

The Receiver's claims against the Alexander Seawright Defendants are barred because the Receiver failed to plead items of special damage and alleged fraud with sufficient particularity.

## TENTH AFFIRMATIVE DEFENSE

The Receiver's claims against the Alexander Seawright Defendants for punitive damages are barred: (a) By the Eighth Amendment to the United States Constitution and Section 28 of the Mississippi Constitution; (b) By the Fifth and Fourteenth Amendments to the United States Constitution prohibiting substantive and procedural due process violations; as well as by Section 14 of the Mississippi Constitution; (c) By the Fourteenth Amendment to the United States Constitution guaranteeing equal protection under the laws; (d) By the Fourth, Fifth, Sixth and Eighth Amendments to the United States Constitution and Sections 14, 17, 26, and 28 of the Mississippi Constitution to the extent such sanctions are attempted to be imposed without requiring the burden of proof to be beyond a reasonable doubt; (e) By the provisions of *Miss. Code Ann*. § 11-1-65; and (f) By the holdings of *United States Supreme Court in BMW v. Gore*, 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc*., 532 U.S. 424 (2001), and *State Farm v. Campbell*, 538 U.S. 408 (2003). Moreover, the Receiver's Complaint fails to state a claim against the Alexander Seawright Defendants upon which relief can be granted for punitive damages, the Receiver cannot prove the facts necessary under applicable law to substantiate an award of punitive damages, and therefore the Alexander Seawright Defendants affirmatively deny that they are liable to Adams and Madison Timber for punitive damages.

## ELEVENTH AFFIRMATIVE DEFENSE

The Receiver's claims against the Alexander Seawright Defendants are barred because the Receiver has not alleged, and the Receiver cannot show, that the Alexander Seawright Defendants knew of Adams's fraud or that Madison Timber was a fraudulent scheme.

## TWELFTH AFFIRMATIVE DEFENSE

The Receiver's claims against the Alexander Seawright Defendants are barred for the reasons set forth in the Alexander Seawright Defendants' Motion to Dismiss and Memorandum in Support of the same, which are being filed simultaneously with this Answer and Affirmative Defenses and is incorporated by reference as if set forth in full.

## THIRTEENTH AFFIRMATIVE DEFENSE

As discovery has not been completed in this matter, the Alexander Seawright Defendants affirmatively plead all applicable defenses available under Rules 12(b) and 8(c) of the Federal Rules of Civil Procedure, including but not limited to:  insufficiency of process, insufficiency of service of process, failure to join a party under Rule 19, arbitration and award, assumption of the risk, coercion, duress, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, res judicata, collateral estoppel, business judgment rule, statute of frauds, statute of limitations, offset, contribution, waiver, indemnity, failure to give full and proper notice, release, payment, willful concealment of facts, unconscionability, unconstitutionality of punitive damages, and any other matter constituting an avoidance or affirmative defense.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Alexander Seawright Defendants reserve the right to assert, and hereby give notice that they intend to rely upon, any other defense that may become available or appear during

discovery proceedings or otherwise in this action and hereby reserve the right to amend this responsive pleading to assert such defenses.

AND NOW, having fully answered each and every allegation of the Receiver's Complaint filed against them, the Alexander Seawright Defendants respectfully request that this Court dismiss the Receiver's claims against them with prejudice, taxing all costs against the Receiver and awarding the Alexander Seawright Defendants their reasonable attorneys' fees and expenses incurred in defending this lawsuit. The Alexander Seawright Defendants also request such other and further relief as this Court deems just and proper.

Date:  March 6, 2019.

Respectfully submitted,

**ALEXANDER SEAWRIGHT, LLC; BRENT ALEXANDER; and JON SEAWRIGHT**

By:     */s/ R. David Kaufman*
R. David Kaufman
One of Their Attorneys

R. David Kaufman (MSB #3526)
Cody C. Bailey (MSB #103718)
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
The Pinnacle Building, Suite 100
190 East Capitol Street (39201)
Post Office Drawer 119
Jackson, Mississippi 39205
Telephone: (601) 948-3101
Facsimile: (601) 960-6902
Email: dkaufman@brunini.com

*Counsel for Defendants Alexander Seawright, LLC, Brent Alexander, and Jon Seawright*

## <u>CERTIFICATE OF SERVICE</u>

I, R. David Kaufman, hereby certify that on March 6, 2019, I caused the foregoing pleading to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record and registered participants.

*/s/ R. David Kaufman*
R. David Kaufman
