**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | |
|---|---|
| **ALYSSON MILLS, IN HER CAPACITY AS RECEIVER FOR ARTHUR LAMAR ADAMS AND MADISON TIMBER PROPERTIES, LLC** | **PLAINTIFF** |
| **vs.** | **CASE NO. 3:18-cv-866-CWR-FKB** |
| **BUTLER SNOW LLP; BUTLER SNOW ADVISORY SERVICES, LLC; MATT THORNTON; BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ PC; ALEXANDER SEAWRIGHT, LLC; BRENT ALEXANDER; and JON SEAWRIGHT** | **DEFENDANTS** |

---

**ANSWER AND AFFIRMATIVE DEFENSES OF ALEXANDER SEAWRIGHT, LLC
AND BRENT ALEXANDER TO RECEIVER'S AMENDED COMPLAINT**

---

Defendants Alexander Seawright, LLC ("Alexander Seawright") and Brent Alexander (collectively, the "Alexander Seawright Defendants"), by and through undersigned counsel, file this Answer and Affirmative Defenses in response to the Amended Complaint (the "Complaint") filed against them by Plaintiff Alysson Mills, in her capacity as Receiver for Arthur Lamar Adams ("Adams") and Madison Timber Properties, LLC ("Madison Timber").[1]

## ANSWER

Subject to and without waiving any of their affirmative defenses stated below, the Alexander Seawright Defendants answer the specific allegations of the Receiver's Complaint, paragraph by paragraph, each of the following numbered and unnumbered paragraphs

---

[1] Brent Alexander and Alexander Seawright will be collectively referred to as the "Alexander Seawright Defendants." The Receiver's Amended Complaint [Doc. 57] acknowledges that Jon Seawright filed individual bankruptcy on November 3, 2019, automatically staying the Receiver's claims against him. *See* Complaint at ¶ 120–122. Accordingly, this Answer and Affirmative Defenses does not respond to claims against Mr. Seawright individually.

corresponding to those in the Complaint. For convenience, the Alexander Seawright Defendants may answer several consecutive paragraphs of the Receiver's Complaint with a single response, identifying the paragraphs to which the response is directed. All allegations of the Receiver's Complaint that are not expressly admitted in this Answer are hereby denied. The Alexander Seawright Defendants' admissions are confined to the exact language in this Answer, and to the extent that any response varies from the wording of the allegations of the Complaint, those allegations are denied. The Alexander Seawright Defendants deny all allegations and inferences contained in the headings and subheadings used in the Complaint.

## INTRODUCTION

The Receiver's allegations in her Introduction are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they are without sufficient knowledge and information to respond to all of the allegations in the Introduction and therefore deny the same, except as follows. The Alexander Seawright Defendants admit:  it is apparent that Adams and Madison Timber operated a Ponzi scheme that defrauded hundreds of lenders, including Alexander and Seawright; the Alexander Seawright Defendants believed that Madison Timber used their money as well as other lenders' money to purchase timber from landowners, sold the timber to lumber mills at a higher price, and repaid lenders their principal plus interest with the proceeds of those timber sales. The Alexander Seawright Defendants deny the remaining allegations in the Introduction. All allegations not expressly admitted are denied. The Alexander Seawright Defendants affirmatively state that they had no knowledge of Adams's fraudulent conduct or his intent to operate Madison Timber as a Ponzi scheme.

## JURISDICTION AND VENUE

1.      The allegations in Paragraph 1 attempt to state legal conclusions to which no response is required from the Alexander Seawright Defendants. To the extent a response is required from the Alexander Seawright Defendants, they admit that this Court has jurisdiction over this action and the parties and that venue is proper in this Court. All allegations not expressly admitted are denied.

2.      The allegations in Paragraph 2 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they admit that this action is related to a civil action pending before the Court styled *Securities and Exchange Commission v. Arthur Lamar Adams and Madison Timber Properties, LLC*, No. 3:18-cv-252-CWR-FKB. The pleadings in that action speak for themselves. All allegations not expressly admitted are denied.

3.      The allegations in Paragraph 3 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. Further, the allegations in Paragraph 3 attempt to state legal conclusions to which no response is required by the Alexander Seawright Defendants. To the extent a response is required from the Alexander Seawright Defendants, they deny that the Receiver is entitled to bring any suit or claim against them. All allegations not expressly admitted are denied.

4.      The allegations in Paragraph 4 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they state that the pleadings filed in *Securities and Exchange Commission v. Arthur Lamar Adams and Madison Timber Properties, LLC*, No. 3:18-cv-252-CWR-FKB, speak for themselves. All allegations not expressly admitted are denied.

## PARTIES

5.     The allegations in Paragraph 5 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. Further, the allegations in Paragraph 5 attempt to state legal conclusions to which no response is required by the Alexander Seawright Defendants. To the extent a response is required from the Alexander Seawright Defendants, they admit that Plaintiff Alysson Mills has been appointed by the Court as Receiver for the estates of Adams and Madison Timber. The Alexander Seawright Defendants deny the remaining allegations of Paragraph 5 to the extent they are inconsistent with the Court's order, which speaks for itself.  The Alexander Seawright Defendants deny that the Receiver has standing to pursue claims against them. All allegations not expressly admitted are denied.

6.     The allegations in Paragraph 6 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. Further, the allegations in Paragraph 6 attempt to state legal conclusions to which no response is required by the Alexander Seawright Defendants. To the extent a response is required from the Alexander Seawright Defendants, they admit that Plaintiff Alysson Mills has been appointed by the Court as Receiver for the estates of Adams and Madison Timber. The Alexander Seawright Defendants deny the remaining allegations of Paragraph 6 to the extent they are inconsistent with the Court's order, which speaks for itself.  The Alexander Seawright Defendants deny that the Receiver has standing to pursue claims against them. All allegations not expressly admitted are denied.

7.     The allegations in Paragraph 7 attempt to state legal conclusions to which no response is required by the Alexander Seawright Defendants. To the extent a response is required from the Alexander Seawright Defendants, they deny that they assisted Adams or Madison Timber in furthering any fraudulent conduct or Ponzi scheme. The Alexander Seawright

Defendants deny that the Receiver has standing to pursue claims against them. All allegations not expressly admitted are denied.

8.    The Alexander Seawright Defendants are without sufficient knowledge and information to admit or deny the allegations in the first sentence of Paragraph 8 and therefore deny the same. Notably, the Receiver did not attach any of the alleged assignments to the Complaint, nor has she produced them to the Defendants in this action. The allegations in the second sentence of Paragraph 8 attempt to state legal conclusions to which no response is required by the Alexander Seawright Defendants. To the extent a response is required from the Alexander Seawright Defendants, they deny that the Receiver has standing to pursue claims against them. All allegations not expressly admitted are denied.

9.    The allegations in Paragraph 9 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they admit upon information and belief that Butler Snow LLP is a limited liability partnership doing business in Mississippi. All allegations not expressly admitted are denied.

10.    The allegations in Paragraph 10 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they admit upon information and belief that Butler Snow Advisory Services, LLC is a Mississippi limited liability company doing business in Mississippi. All allegations not expressly admitted are denied.

11.    The allegations in Paragraph 11 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they are without sufficient knowledge and

information to admit or deny the allegations in Paragraph 11 and therefore deny the same. All allegations not expressly admitted are denied.

12.     The allegations in Paragraph 12 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they admit that Baker, Donelson, Bearman, Caldwell & Berkowitz, PC ("Baker Donelson") is a Tennessee professional corporation doing business in Mississippi. All allegations not expressly admitted are denied.

13.     Admitted.

14.     Admitted.

15.     The Alexander Seawright Defendants admit that Jon Seawright is an adult resident of Jackson, Mississippi, that he is a shareholder of Baker Donelson, and that he and Brent Alexander are the sole members of Alexander Seawright, LLC. The Alexander Seawright Defendants admit that Jon Seawright was previously a member of Baker Donelson's national governing Board of Directors, although he is not currently a member of the Board of Directors. All allegations not expressly admitted are denied.

## ADAMS AND MADISON TIMBER

16.     The allegations in Paragraph 16 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they admit that Adams, through Madison Timber, operated a Ponzi scheme that purported to purchase timber from landowners and resell it to lumber mills at higher prices. All allegations not expressly admitted are denied.

17.     The allegations in Paragraph 17 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is

required from the Alexander Seawright Defendants, they are without sufficient knowledge and information to admit or deny the allegations in Paragraph 17 and therefore deny the same.

18.     The allegations in Paragraph 18 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they admit that they believed Madison Timber would use the loans to acquire timber deeds and cutting agreements; that Madison Timber would sell the timber to lumber mills at a higher price; and that Madison Timber would use proceeds of those sales to repay the lenders principal plus interest. All allegations not expressly admitted are denied.

19.     The allegations in Paragraph 19 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they admit that lenders received promissory notes in the amount of their loans, payable in twelve monthly installments together with promised interest. They admit that lenders received twelve pre-dated checks, each in the amount of the installment due under the promissory note. They admit that lenders received a timber deed and cutting agreement by which a named landowner purported to grant to Madison Timber the rights to harvest timber on the land described in the deed and by which Madison Timber purported to grant its rights to the lender. All allegations not expressly admitted are denied.

20.     The allegations in Paragraph 20 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they admit upon information and belief that most if not all of the timber deeds and cutting agreements have been deemed to be fraudulent. The Alexander Seawright Defendants are without sufficient knowledge and information to admit

or deny the remaining allegations in Paragraph 20 and therefore deny the same. All allegations not expressly admitted are denied.

21.     The allegations in Paragraph 21 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they are without sufficient knowledge and information to admit or deny the allegations in Paragraph 21 and therefore deny the same.

22.     The allegations in Paragraph 22 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they are without sufficient knowledge and information to admit or deny the allegations in Paragraph 22 and therefore deny the same.

23.     The allegations in Paragraph 23 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they admit that Adams turned himself into authorities on or about April 19, 2018. The Alexander Seawright Defendants are without sufficient knowledge and information to admit or deny the remaining allegations in Paragraph 23 and therefore deny the same. All allegations not expressly admitted are denied.

24.     The allegations in Paragraph 24 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they admit the allegations in Paragraph 24, upon information and belief.

25.     The allegations in Paragraph 25 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is

required from the Alexander Seawright Defendants, they admit the allegations in Paragraph 25, upon information and belief.

26.     The allegations in Paragraph 26 attempt to state legal conclusions to which no response is required by the Alexander Seawright Defendants. To the extent a response is required from the Alexander Seawright Defendants, they are without sufficient knowledge and information to admit or deny the allegations in Paragraph 26 and therefore deny the same.

27.     Some of the allegations in Paragraph 27 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. Further, the allegations in Paragraph 27 attempt to state legal conclusions to which no response is required by the Alexander Seawright Defendants. To the extent a response is required from the Alexander Seawright Defendants, they deny all of the allegations in Paragraph 27.

28.     The allegations in Paragraph 28 attempt to state legal conclusions to which no response is required by the Alexander Seawright Defendants. To the extent a response is required from the Alexander Seawright Defendants, they deny the allegations in Paragraph 28.

## BUTLER SNOW

29. – 70.   Paragraphs 29 through 70 of the Receiver's Complaint are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they are without sufficient knowledge and information to admit or deny the allegations in Paragraphs 29 through 70 and therefore deny the same. All allegations not expressly admitted are denied.

## BAKER DONELSON

71.     Denied.

72.     Denied.

73.     The Alexander Seawright Defendants deny that they formed a partnership with Adams. The Alexander Seawright Defendants admit that Alexander Seawright, LLC worked in good faith to coordinate loans from Alexander Seawright Timber Fund I, LLC ("Timber Fund I"), of which Alexander Seawright, LLC was a member, to Madison Timber. In exchange for its work coordinating the loans, Madison Timber paid Alexander Seawright, LLC loan-origination fees. The Alexander Seawright Defendants admit that they believed the loans were low risk. The Alexander Seawright Defendants deny the allegedly quoted language set forth in Paragraph 73 to the extent the same is inconsistent with the documents, emails, and text messages produced by the Alexander Seawright Defendants to the Receiver. All allegations not expressly admitted are denied.

74.     The Alexander Seawright Defendants admit that they believed Madison Timber was a legitimate business that presented an opportunity for lenders to earn interest on their loans. The Alexander Seawright Defendants deny that they pitched the first loan opportunity to a client of Baker Donelson. The Alexander Seawright Defendants deny the allegedly quoted language set forth in Paragraph 74 to the extent the same is inconsistent with the documents, emails, and text messages produced by the Alexander Seawright Defendants to the Receiver. All allegations not expressly admitted are denied.

75.     The Alexander Seawright Defendants admit that Madison Timber paid Alexander Seawright, LLC loan-origination fees. The Alexander Seawright Defendants admit that Adams sometimes referred to the fees as "birddog fees." The Alexander Seawright Defendants deny the allegedly quoted language set forth in Paragraph 75 to the extent the same is inconsistent with the documents, emails, and text messages produced by the Alexander Seawright Defendants to the Receiver. All allegations not expressly admitted are denied.

76.     The Alexander Seawright Defendants admit that Madison Timber paid Alexander Seawright, LLC loan-origination fees. The Alexander Seawright Defendants deny the remaining allegations of Paragraph 76.

77.     The Alexander Seawright Defendants admit that Alexander Seawright, LLC prepared subscription agreements and accompanying documents for the loans to Madison Timber from Timber Fund I, which was initially called Alewright Investments, LLC. The Alexander Seawright Defendants admit that Alexander Seawright, LLC worked in good faith to coordinate loans from Timber Fund I, of which Alexander Seawright, LLC was a member, to Madison Timber. In exchange for its work coordinating the loans, Madison Timber paid Alexander Seawright, LLC loan-origination fees. The Alexander Seawright Defendants deny the remaining allegations of Paragraph 77.

78.     The Alexander Seawright Defendants deny that they "pitched their fund to potential investors, including Baker Donelson clients, as an exclusive 'friends and family' fund." The Alexander Seawright Defendants admit that Brent Alexander used the phrase "simple, elegant and profitable" to describe the Timber Fund I loan model. The Alexander Seawright Defendants deny that "neither Alexander nor Seawright invested their own money in the fund." The Alexander Seawright Defendants deny the other allegedly quoted language set forth in Paragraph 78 to the extent the same is inconsistent with the documents, emails, and text messages produced by the Alexander Seawright Defendants to the Receiver. All allegations not expressly admitted are denied.

79.     The Alexander Seawright Defendants deny that "Alexander was a persistent salesman." The Alexander Seawright Defendants deny the allegedly quoted language set forth in Paragraph 79 to the extent the same is inconsistent with the documents, emails, and text

messages produced by the Alexander Seawright Defendants to the Receiver. All allegations not expressly admitted are denied.

80.     The Alexander Seawright Defendants deny that "[i]f a potential investor was noncommittal, Alexander applied pressure." The Alexander Seawright Defendants deny the allegedly quoted language set forth in Paragraph 80 to the extent the same is inconsistent with the documents, emails, and text messages produced by the Alexander Seawright Defendants to the Receiver. All allegations not expressly admitted are denied.

81.     Denied.

82.     The Alexander Seawright Defendants deny that they "did not operate their fund separately from the business of the law firm." The remaining allegations in Paragraph 82 attempt to state legal conclusions to which no response is required by the Alexander Seawright Defendants. To the extent a response is required from the Alexander Seawright Defendants, they are without sufficient knowledge and information to admit or deny allegations regarding what lenders might have "reasonably believed" and therefore deny the same. All allegations not expressly admitted are denied.

83.     Denied.

84.     The Alexander Seawright Defendants deny the allegations of Paragraph 84 to the extent they are inconsistent with the biographies of Jon Seawright and Brent Alexander on the Baker Donelson website. All allegations not expressly admitted are denied.

85.     Denied.

86.     Denied.

87.     The Alexander Seawright Defendants admit that they occasionally used Baker Donelson's Jackson, Mississippi office address for business related to the loans by Timber Fund

I to Madison Timber. The Alexander Seawright Defendants deny the remaining allegations of Paragraph 87.

88.     The Alexander Seawright Defendants admit that they discussed the Timber Fund I loans with Baker Donelson colleagues. The Alexander Seawright Defendants deny the allegedly quoted language set forth in Paragraph 88 to the extent the same is inconsistent with the documents, emails, and text messages produced by the Alexander Seawright Defendants to the Receiver. All allegations not expressly admitted are denied.

89.     Denied.

90.     The Alexander Seawright Defendants admit that Alexander Seawright prepared subscription agreements for use in connection with the loans from Timber Fund I to Madison Timber. The Alexander Seawright Defendants deny the remaining allegations of Paragraph 90.

91.     The allegations in Paragraph 91 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they are without sufficient knowledge and information to admit or deny the allegations in Paragraph 91 and therefore deny the same. All allegations not expressly admitted are denied.

92.     The Alexander Seawright Defendants deny that that they undertook no meaningful evaluations of the loans. The Alexander Seawright Defendants admit that they asked about potential risks to the timber in the event of natural disasters, and they received assurances from Adams that all tracts were covered by an umbrella insurance policy. The Alexander Seawright Defendants deny the allegedly quoted language set forth in Paragraph 92 to the extent the same is inconsistent with documents, emails, and text messages produced by the Alexander Seawright Defendants to the Receiver. All allegations not expressly admitted are denied.

93.     The Alexander Seawright Defendants admit that they gave lenders "Equity Term Sheets" that described the terms of loans to be made from Timber Fund I to Madison Timber. The Alexander Seawright Defendants deny that the March 5, 2017 Equity Term Sheet states that the Alexander Seawright Defendants would personally inspect the property. The Alexander Seawright Defendants deny the allegedly quoted language set forth in Paragraph 93 to the extent the same is inconsistent with documents, emails, and text messages produced by the Alexander Seawright Defendants to the Receiver. The Alexander Seawright Defendants deny that they lied to investors. All allegations not expressly admitted are denied.

94.     The Alexander Seawright Defendants admit that they prepared a loan closing checklist that speaks for itself. The Alexander Seawright Defendants deny the remaining allegations in Paragraph 94.

95.     The Alexander Seawright Defendants admit that they inspected the tracts of land that were the subjects of the property deeds. The Alexander Seawright Defendants deny the allegedly quoted language in Paragraph 95 to the extent the same is inconsistent with the documents, emails, and text messages produced by the Alexander Seawright Defendants to the Receiver. The Alexander Seawright Defendants deny the remaining allegations in Paragraph 95.

96.     Denied.

97.     Denied.

98.     The allegations in Paragraph 98 attempt to state legal conclusions to which no response is required by the Alexander Seawright Defendants. To the extent a response is required from the Alexander Seawright Defendants, they deny all of the allegations in Paragraph 98.

99.     The Alexander Seawright Defendants deny that they did not undertake meaningful investigations of the loans. The Alexander Seawright Defendants deny the allegedly

quoted language set forth in Paragraph 99 to the extent the same is inconsistent with the documents, emails, and text messages produced by the Alexander Seawright Defendants to the Receiver. All allegations not expressly admitted are denied.

100.    Denied.

101.    Denied.

102.    The Alexander Seawright Defendants admit upon information and belief that the majority of timber deeds and cutting agreements have been deemed to be fraudulent. The Alexander Seawright Defendants deny that they should have recognized that the signatures were forged by Adams, because the deeds were notarized. The Alexander Seawright Defendants deny the remaining allegations in Paragraph 102.

103.    The Alexander Seawright Defendants lack sufficient knowledge and information to admit or deny whether Madison Timber ever had any real contracts with mills and whether a call to the mills would have "confirmed the truth," and therefore deny those allegations. The Alexander Seawright Defendants admit that they never called a mill. All allegations not expressly admitted are denied.

104.    The Alexander Seawright Defendants admit that Adams required lenders to agree not to record the deeds unless Madison Timber failed to make a payment due under the promissory note. The Alexander Seawright Defendants deny the allegedly quoted language set forth in Paragraph 104 to the extent the same is inconsistent with the documents, emails, and text messages produced by the Alexander Seawright Defendants to the Receiver. The Alexander Seawright Defendants deny the remaining allegations in Paragraph 104.

105.    The Alexander Seawright Defendants are without sufficient knowledge and information to admit or deny the allegations in the first sentence of Paragraph 105 and therefore

deny the same. The Alexander Seawright Defendants deny the allegedly quoted language set forth in Paragraph 105 to the extent the same is inconsistent with the documents, emails, and text messages produced by the Alexander Seawright Defendants to the Receiver. The Alexander Seawright Defendants deny the remaining allegations in Paragraph 105.

106.     The Alexander Seawright Defendants are without sufficient knowledge and information to admit or deny the allegations in the first two sentences of Paragraph 106 and therefore deny the same. The Alexander Seawright Defendants deny that they never "evaluated the investment in light of" market considerations. The Alexander Seawright Defendants deny the allegedly quoted language set forth in Paragraph 106 to the extent the same is inconsistent with the documents, emails, and text messages produced by the Alexander Seawright Defendants to the Receiver. All allegations not expressly admitted are denied.

107.     The Alexander Seawright Defendants admit that Adams told them that Madison Timber would not issue checks in December going forward and that what had been a 12-month payoff would become a 13-month payoff, skipping the last month of the year. The Alexander Seawright Defendants deny the allegedly quoted language set forth in Paragraph 107 to the extent the same is inconsistent with the documents, emails, and text messages produced by the Alexander Seawright Defendants to the Receiver. The Alexander Seawright Defendants deny the remaining allegations in Paragraph 107.

108.     The Alexander Seawright Defendants deny the allegedly quoted language set forth in Paragraph 108 to the extent the same is inconsistent with the documents, emails, and text messages produced by the Alexander Seawright Defendants to the Receiver. The Alexander Seawright Defendants affirmatively state that Alexander Seawright Timber Fund II, LLC ("Timber Fund II") was formed on April 23, 2018, the day before the Alexander Seawright

Defendants learned that Madison Timber was a sham. Timber Fund II never started operations, it never accepted any members other than Alexander Seawright, LLC, and it never participated in any loans to Madison Timber. All allegations not expressly admitted are denied.

109.    The Alexander Seawright Defendants deny the allegedly quoted language set forth in Paragraph 109 to the extent the same is inconsistent with the documents, emails, and text messages produced by the Alexander Seawright Defendants to the Receiver. The Alexander Seawright Defendants admit that they used Baker Donelson's Jackson, Mississippi office for business related to Timber Fund I. Again, the Alexander Seawright Defendants affirmatively state that Timber Fund II was formed on April 23, 2018, the day before the Alexander Seawright Defendants learned that Madison Timber was a sham. Timber Fund II never started operations, it never accepted any members other than Alexander Seawright, LLC, and it never participated in any loans to Madison Timber. All allegations not expressly admitted are denied.

110.    The Alexander Seawright Defendants admit that they formed Timber Fund II. The Alexander Seawright Defendants admit they compiled information regarding their proposal for Timber Fund II to share with potential lenders, which speaks for itself. The Alexander Seawright Defendants deny the allegedly quoted language set forth in Paragraph 110 to the extent the same is inconsistent with the documents, emails, and text messages produced by the Alexander Seawright Defendants to the Receiver. All allegations not expressly admitted are denied.

111.    The Alexander Seawright Defendants admit that they compiled information regarding their proposal for Timber Fund II to share with potential lenders, which speaks for itself. The Alexander Seawright Defendants deny the allegedly quoted language set forth in Paragraph 111 to the extent the same is inconsistent with the documents, emails, and text

messages produced by the Alexander Seawright Defendants to the Receiver. All allegations not expressly admitted are denied.

112. The Alexander Seawright Defendants admit that they received feedback regarding Timber Fund II that was "not all good." The Alexander Seawright Defendants deny the allegedly quoted language set forth in Paragraph 112 to the extent the same is inconsistent with the documents, emails, and text messages produced by the Alexander Seawright Defendants to the Receiver. All allegations not expressly admitted are denied.

113. The Alexander Seawright Defendants deny that they did not stand to lose money in Timber Fund I. The Alexander Seawright Defendants further deny that they would not have stood to lose money in Timber Fund II, had it begun operations. The Alexander Seawright Defendants deny the allegedly quoted language set forth in Paragraph 113 to the extent the same is inconsistent with the documents, emails, and text messages produced by the Alexander Seawright Defendants to the Receiver. All allegations not expressly admitted are denied.

114. The Alexander Seawright Defendants deny the allegedly quoted language set forth in Paragraph 114 to the extent the same is inconsistent with the documents, emails, and text messages produced by the Alexander Seawright Defendants to the Receiver. All allegations not expressly admitted are denied.

115. The Alexander Seawright Defendants deny the allegedly quoted language set forth in Paragraph 115 to the extent the same is inconsistent with the documents, emails, and text messages produced by the Alexander Seawright Defendants to the Receiver. All allegations not expressly admitted are denied.

116. The Alexander Seawright Defendants admit that they identified an initial key lender for Timber Fund II, but that loan was never made. The Alexander Seawright Defendants

deny the allegedly quoted language set forth in Paragraph 116 to the extent the same is inconsistent with the documents, emails, and text messages produced by the Alexander Seawright Defendants to the Receiver. All allegations not expressly admitted are denied.

117.    The Alexander Seawright Defendants deny that the initial key lender for Timber Fund II was a Baker Donelson client. The Alexander Seawright Defendants deny the allegedly quoted language set forth in Paragraph 117 to the extent the same is inconsistent with the documents, emails, and text messages produced by the Alexander Seawright Defendants to the Receiver. All allegations not expressly admitted are denied.

118.    The Alexander Seawright Defendants admit that they opened a bank account for Timber Fund II. The Alexander Seawright Defendants deny the allegedly quoted language set forth in Paragraph 118 to the extent the same is inconsistent with the documents, emails, and text messages produced by the Alexander Seawright Defendants to the Receiver. All allegations not expressly admitted are denied.

119.    The Alexander Seawright Defendants admit that Adams turned himself into authorities and admitted the fraud before Timber Fund II began operations. The Alexander Seawright Defendants admit that they told others that they were victims of Adams's fraud, and they are. The Alexander Seawright Defendants deny the allegedly quoted language set forth in Paragraph 119 to the extent the same is inconsistent with the documents, emails, and text messages produced by the Alexander Seawright Defendants to the Receiver. All allegations not expressly admitted are denied.

120.    Admitted.

121.    The Alexander Seawright Defendants admit that Jon Seawright filed individual bankruptcy pursuant to Chapter 7 of the United States Bankruptcy Code, and that filing speaks

for itself. The Alexander Seawright Defendants deny the allegations in Paragraph 121 to the extent they are inconsistent with Mr. Seawright's bankruptcy filing. All allegations not expressly admitted are denied.

122.    Admitted.

## CAUSES OF ACTION

## COUNT I

### FOR CIVIL CONSPIRACY AGAINST ALL DEFENDANTS

123.    The Alexander Seawright Defendants incorporate herein by reference each of their above responses to the Receiver's Complaint.

124.    The allegations in Paragraph 124 attempt to state legal conclusions to which no response is required by the Alexander Seawright Defendants. To the extent a response is required by the Alexander Seawright Defendants to the allegations in Paragraph 124, they deny the same.

125.    Denied.

126.    Denied.

127.    The Alexander Seawright Defendants admit that Madison Timber has been determined to be a Ponzi scheme. The Alexander Seawright Defendants affirmatively state they never knew Adams was a fraud, they never knew Madison Timber was a Ponzi scheme, and they never acted with an unlawful purpose. All allegations not expressly admitted are denied.

128.    Denied.

129.    Denied.

130.    Denied.

131.    Denied.

132.    Denied.

133.    The allegations in Paragraph 133 attempt to state legal conclusions to which no response is required by the Alexander Seawright Defendants. To the extent a response is required by the Alexander Seawright Defendants to the allegations in Paragraph 133, they deny the same. All remaining allegations in Paragraph 133 are denied.

134.    Denied.

135.    Denied.

136.    Denied.

## COUNT II

## FOR AIDING AND ABETTING AGAINST ALL DEFENDANTS

137.    The Alexander Seawright Defendants incorporate herein by reference each of their above responses to the Receiver's Complaint.

138.    The allegations in Paragraph 138 attempt to state legal conclusions to which no response is required by the Alexander Seawright Defendants. To the extent a response is required by the Alexander Seawright Defendants to the allegations in Paragraph 138, they deny the same.

139.    Denied.

140.    The allegations in Paragraph 140 attempt to state legal conclusions to which no response is required by the Alexander Seawright Defendants. To the extent a response is required by the Alexander Seawright Defendants to the allegations in Paragraph 140, they deny the same. All remaining allegations in Paragraph 140 are denied.

141.    Denied.

142.    Denied.

143.    Denied.

144.     The allegations in Paragraph 144 attempt to state legal conclusions to which no response is required by the Alexander Seawright Defendants. To the extent a response is required by the Alexander Seawright Defendants to the allegations in Paragraph 144, they deny the same. All remaining allegations in Paragraph 144 are denied.

145.     Denied.

146.     Denied.

147.     Denied.

**COUNT III**

**FOR RECKLESSNESS, GROSS NEGLIGENCE, AND AT A MINIMUM NEGLIGENCE AGAINST ALL DEFENDANTS**

148.     The Alexander Seawright Defendants incorporate herein by reference each of their above responses to the Receiver's Complaint.

149.     The allegations in Paragraph 149 attempt to state legal conclusions to which no response is required by the Alexander Seawright Defendants. To the extent a response is required by the Alexander Seawright Defendants to the allegations in Paragraph 149, they deny the same.

150.     The allegations in Paragraph 150 attempt to state legal conclusions to which no response is required by the Alexander Seawright Defendants. To the extent a response is required by the Alexander Seawright Defendants to the allegations in Paragraph 150, they deny the same.

151.     Denied.

152.     Denied.

153.     Denied.

154.     Denied.

155.    The allegations in Paragraph 155 attempt to state legal conclusions to which no response is required by the Alexander Seawright Defendants. To the extent a response is required by the Alexander Seawright Defendants to the allegations in Paragraph 155, they deny the same. All remaining allegations in Paragraph 155 are denied.

156.    Denied.

157.    Denied.

158.    Denied.

**COUNT IV**

**FOR VIOLATIONS OF MISSISSIPPI'S FRAUDULENT TRANSFER ACT**

**AGAINST BUTLER SNOW ADVISORY, THORNTON,
ALEXANDER SEAWRIGHT, ALEXANDER, AND SEAWRIGHT**

159.    The Alexander Seawright Defendants incorporate herein by reference each of their above responses to the Receiver's Complaint.

160.    The allegations in Paragraph 160 attempt to state legal conclusions to which no response is required by the Alexander Seawright Defendants. To the extent a response is required by the Alexander Seawright Defendants to the allegations in Paragraph 160, they deny the same.

161.    The allegations in Paragraph 161 attempt to state legal conclusions to which no response is required by the Alexander Seawright Defendants. To the extent a response is required by the Alexander Seawright Defendants to the allegations in Paragraph 161, they deny the same.

162.    The allegations in Paragraph 162 attempt to state legal conclusions to which no response is required by the Alexander Seawright Defendants. To the extent a response is required by the Alexander Seawright Defendants to the allegations in Paragraph 162, they deny the same.

163.     The allegations in Paragraph 163 attempt to state legal conclusions to which no response is required by the Alexander Seawright Defendants. To the extent a response is required by the Alexander Seawright Defendants to the allegations in Paragraph 163, they deny the same.

## COUNT V

### FOR VIOLATIONS OF MISSISSIPPI'S RACKETEER INFLUENCED AND CORRUPT ORGANIZATION ACT

### AGAINST BUTLER SNOW ADVISORY, THORNTON, ALEXANDER SEAWRIGHT, ALEXANDER, AND SEAWRIGHT

164.     The Alexander Seawright Defendants incorporate herein by reference each of their above responses to the Receiver's Complaint.

165.     The allegations in Paragraph 165 attempt to state legal conclusions to which no response is required by the Alexander Seawright Defendants. To the extent a response is required by the Alexander Seawright Defendants to the allegations in Paragraph 165, they deny the same.

166.     The allegations in Paragraph 166 attempt to state legal conclusions to which no response is required by the Alexander Seawright Defendants. To the extent a response is required by the Alexander Seawright Defendants to the allegations in Paragraph 166, they deny the same.

167.     The allegations in Paragraph 167 attempt to state legal conclusions to which no response is required by the Alexander Seawright Defendants. To the extent a response is required by the Alexander Seawright Defendants to the allegations in Paragraph 167, they deny the same.

168.     Denied.

169.     Denied.

170.     Denied.

171.     Denied.

172.     Denied.

**COUNT VI**

**FOR JOINT VENTURE LIABILITY**

**AGAINST ALEXANDER SEAWRIGHT, ALEXANDER, AND SEAWRIGHT**

173.    The Alexander Seawright Defendants incorporate herein by reference each of their above responses to the Receiver's Complaint.

174.    The allegations in Paragraph 174 attempt to state legal conclusions to which no response is required by the Alexander Seawright Defendants. To the extent a response is required by the Alexander Seawright Defendants to the allegations in Paragraph 174, they deny the same.

175.    Denied.

176.    Denied.

177.    Denied.

178.    Denied.

**COUNT VII**

**FOR ATTORNEY MALPRACTICE**

**AGAINST BUTLER SNOW**

179.    The Alexander Seawright Defendants incorporate herein by reference each of their above responses to the Receiver's Complaint.

180.    The allegations in Paragraph 180 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. Further, the allegations in Paragraph 180 attempt to state legal conclusions to which no response is required. To the extent a response is required from the Alexander Seawright Defendants, they deny the allegations in Paragraph 180.

181.    The allegations in Paragraph 181 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they deny the allegations in Paragraph 181.

182.    The allegations in Paragraph 182 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they deny the allegations in Paragraph 182.

183.    The allegations in Paragraph 183 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they deny the allegations in Paragraph 183.

184.    The allegations in Paragraph 184 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they deny the allegations in Paragraph 184.

185.    The allegations in Paragraph 185 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they deny the allegations in Paragraph 185.

186.    The allegations in Paragraph 186 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they deny the allegations in Paragraph 186.

187.    The allegations in Paragraph 187 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they deny the allegations in Paragraph 187.

188.     The allegations in Paragraph 188 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they deny the allegations in Paragraph 188.

189.     The allegations in Paragraph 189 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they deny the allegations in Paragraph 189.

190.     The allegations in Paragraph 190 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they deny the allegations in Paragraph 190.

**COUNT VIII**

**FOR NEGLIGENT RETENTION AND SUPERVISION**

**AGAINST BUTLER SNOW AND BAKER DONELSON**

191.     The Alexander Seawright Defendants incorporate herein by reference each of their above responses to the Receiver's Complaint.

192.     The allegations in Paragraph 192 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. Further, the allegations in Paragraph 192 attempt to state legal conclusions to which no response is required. To the extent a response is required from the Alexander Seawright Defendants, they deny the allegations in Paragraph 192.

193.     The allegations in Paragraph 193 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they deny the allegations in Paragraph 193.

194.     The allegations in Paragraph 194 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they deny the allegations in Paragraph 194.

195.     The allegations in Paragraph 195 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they deny the allegations in Paragraph 195.

196.     The allegations in Paragraph 196 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they deny the allegations in Paragraph 196.

197.     The allegations in Paragraph 197 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they deny the allegations in Paragraph 197.

198.     The allegations in Paragraph 198 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they deny the allegations in Paragraph 198.

199.     The allegations in Paragraph 199 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they deny the allegations in Paragraph 199.

200.     The allegations in Paragraph 200 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. To the extent a response is required from the Alexander Seawright Defendants, they deny the allegations in Paragraph 200.

**LIABILITY OF BUTLER SNOW FOR BUTLER SNOW ADVISORY**

201.    The allegations in Paragraph 201 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. Further, the allegations in Paragraph 201 attempt to state legal conclusions to which no response is required. To the extent a response is required from the Alexander Seawright Defendants to the allegations in Paragraph 201, they deny the same.

202.    The allegations in Paragraph 202 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. Further, the allegations in Paragraph 202 attempt to state legal conclusions to which no response is required. To the extent a response is required from the Alexander Seawright Defendants to the allegations in Paragraph 202, they deny the same.

203.    The allegations in Paragraph 203 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. Further, the allegations in Paragraph 203 attempt to state legal conclusions to which no response is required. To the extent a response is required from the Alexander Seawright Defendants to the allegations in Paragraph 203, they deny the same.

**LIABILITY OF ALEXANDER AND SEAWRIGHT FOR ALEXANDER SEAWRIGHT**

204.    The allegations in Paragraph 204 attempt to state legal conclusions to which no response is required from the Alexander Seawright Defendants. To the extent a response is required from the Alexander Seawright Defendants, they deny the allegations in Paragraph 204.

205.    The allegations in Paragraph 205 attempt to state legal conclusions to which no response is required from the Alexander Seawright Defendants. To the extent a response is required from the Alexander Seawright Defendants, they deny the allegations in Paragraph 205.

206.    The allegations in Paragraph 206 attempt to state legal conclusions to which no response is required from the Alexander Seawright Defendants. To the extent a response is required from the Alexander Seawright Defendants, they deny the allegations in Paragraph 206. All allegations not expressly admitted are denied.

### BUTLER SNOW'S AND BAKER DONELSON'S VICARIOUS LIABILITY

207.    The allegations in Paragraph 207 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. Further, the allegations in Paragraph 207 attempt to state legal conclusions to which no response is required. To the extent a response is required from the Alexander Seawright Defendants to the allegations in Paragraph 207, they deny the same.

208.    The allegations in Paragraph 208 are not directed to the Alexander Seawright Defendants and therefore do not require a response from them. Further, the allegations in Paragraph 208 attempt to state legal conclusions to which no response is required. To the extent a response is required from the Alexander Seawright Defendants to the allegations in Paragraph 208, they deny the same.

The Alexander Seawright Defendants deny the allegations contained in the unnumbered paragraph on page 50 of the Complaint beginning "WHEREFORE" and in each of its numbered subparagraphs. The Alexander Seawright Defendants deny that the Receiver is entitled to the relief requested or to any relief whatsoever from the Alexander Seawright Defendants.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Receiver's Complaint fails to state a claim against the Alexander Seawright Defendants for which relief can be granted. Therefore, the Receiver's claims against the

Alexander Seawright Defendants should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## SECOND AFFIRMATIVE DEFENSE

The Receiver's claims against Jon Seawright and Brent Alexander are barred because the Receiver cannot pierce the limited liability veil of Alexander Seawright, LLC.

## THIRD AFFIRMATIVE DEFENSE

The Receiver's claims against the Alexander Seawright Defendants are barred by the doctrine of *in pari delicto*. The Receiver stands in the shoes of Adams and Madison Timber, the primary wrongdoers who controlled the Ponzi scheme that duped hundreds of people, including the Alexander Seawright Defendants. Accordingly, the Receiver cannot seek damages or contribution from the Alexander Seawright Defendants.

## FOURTH AFFIRMATIVE DEFENSE

The Receiver's claims against the Alexander Seawright Defendants are barred because the Receiver lacks standing to pursue claims on behalf of anyone other than Adams and Madison Timber.

## FIFTH AFFIRMATIVE DEFENSE

The Receiver's claims against the Alexander Seawright Defendants are barred because they did not owe any legal duty to Adams or Madison Timber, and they did not breach any legal duty allegedly owing to Adams or Madison Timber.

## SIXTH AFFIRMATIVE DEFENSE

The Receiver's claims against the Alexander Seawright Defendants are barred by the good faith value defense. The Alexander Seawright Defendants operated at all times in good faith and under a belief that they were doing business with a legitimate, legal business and not a

fraudulent scheme. Moreover, the Alexander Seawright Defendants contributed in good faith significant amounts of time, money, services, and other value for which they were entitled to be compensated.

## SEVENTH AFFIRMATIVE DEFENSE

The Receiver's claims against the Alexander Seawright Defendants are barred by the acts and omissions of Adams and Madison Timber; the acts and omissions of the representatives and agents of Adams and Madison Timber; and the acts and omissions of others for whom the Alexander Seawright Defendants are not responsible. The Alexander Seawright Defendants are not directly or proximately responsible for any damages that Adams and Madison Timber might have allegedly suffered. The Receiver's claims against the Alexander Seawright Defendants are barred because the Alexander Seawright Defendants complied at all times with all applicable standards of care.

## EIGHTH AFFIRMATIVE DEFENSE

The Receiver's claims against the Alexander Seawright Defendants are barred by the doctrines of contributory negligence, comparative fault, waiver, estoppel, failure of consideration, fraud, illegality, release, payment, accord and satisfaction, assumption of the risk, unclean hands, and by the failure of Adams and Madison Timber to mitigate their damages.

## NINTH AFFIRMATIVE DEFENSE

The Receiver's claims against the Alexander Seawright Defendants are barred because the Receiver failed to plead items of special damage and alleged fraud with sufficient particularity.

## TENTH AFFIRMATIVE DEFENSE

The Receiver's claims against the Alexander Seawright Defendants for punitive damages are barred: (a) By the Eighth Amendment to the United States Constitution and Section 28 of the Mississippi Constitution; (b) By the Fifth and Fourteenth Amendments to the United States Constitution prohibiting substantive and procedural due process violations; as well as by Section 14 of the Mississippi Constitution; (c) By the Fourteenth Amendment to the United States Constitution guaranteeing equal protection under the laws; (d) By the Fourth, Fifth, Sixth and Eighth Amendments to the United States Constitution and Sections 14, 17, 26, and 28 of the Mississippi Constitution to the extent such sanctions are attempted to be imposed without requiring the burden of proof to be beyond a reasonable doubt; (e) By the provisions of *Miss. Code Ann*. § 11-1-65; and (f) By the holdings of *United States Supreme Court in BMW v. Gore*, 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc*., 532 U.S. 424 (2001), and *State Farm v. Campbell*, 538 U.S. 408 (2003). Moreover, the Receiver's Complaint fails to state a claim against the Alexander Seawright Defendants upon which relief can be granted for punitive damages, the Receiver cannot prove the facts necessary under applicable law to substantiate an award of punitive damages, and therefore the Alexander Seawright Defendants affirmatively deny that they are liable to Adams and Madison Timber for punitive damages.

## ELEVENTH AFFIRMATIVE DEFENSE

The Receiver's claims against the Alexander Seawright Defendants are barred because the Receiver has not alleged, and the Receiver cannot show, that the Alexander Seawright Defendants knew of Adams's fraud or that Madison Timber was a fraudulent scheme.

## TWELFTH AFFIRMATIVE DEFENSE

The Receiver's claims against the Alexander Seawright Defendants are barred for the reasons set forth in the Alexander Seawright Defendants' Motion to Dismiss and Memorandum

in Support of the same, which are being filed simultaneously with this Answer and Affirmative Defenses and is incorporated by reference as if set forth in full.

### THIRTEENTH AFFIRMATIVE DEFENSE

As discovery has not been completed in this matter, the Alexander Seawright Defendants affirmatively plead all applicable defenses available under Rules 12(b) and 8(c) of the Federal Rules of Civil Procedure, including but not limited to:  insufficiency of process, insufficiency of service of process, failure to join a party under Rule 19, arbitration and award, assumption of the risk, coercion, duress, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, res judicata, collateral estoppel, business judgment rule, statute of frauds, statute of limitations, offset, contribution, waiver, indemnity, failure to give full and proper notice, release, payment, willful concealment of facts, unconscionability, unconstitutionality of punitive damages, and any other matter constituting an avoidance or affirmative defense.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Alexander Seawright Defendants reserve the right to assert, and hereby give notice that they intend to rely upon, any other defense that may become available or appear during discovery proceedings or otherwise in this action and hereby reserve the right to amend this responsive pleading to assert such defenses.

AND NOW, having fully answered each and every allegation of the Receiver's Complaint filed against them, the Alexander Seawright Defendants respectfully request that this Court dismiss the Receiver's claims against them with prejudice, taxing all costs against the Receiver and awarding the Alexander Seawright Defendants their reasonable attorneys' fees and expenses incurred in defending this lawsuit. The Alexander Seawright Defendants also request such other and further relief as this Court deems just and proper.

Date:  December 20, 2019.

Respectfully submitted,

**ALEXANDER SEAWRIGHT, LLC; BRENT ALEXANDER; and JON SEAWRIGHT**

By:      */s/ R. David Kaufman*
      R. David Kaufman
      One of Their Attorneys

      R. David Kaufman (MSB #3526)
      Cody C. Bailey (MSB #103718)
      BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
      The Pinnacle Building, Suite 100
      190 East Capitol Street (39201)
      Post Office Drawer 119
      Jackson, Mississippi 39205
      Telephone: (601) 948-3101
      Facsimile: (601) 960-6902
      Email: dkaufman@brunini.com

      *Counsel for Defendants Alexander Seawright, LLC, Brent Alexander, and Jon Seawright*

## CERTIFICATE OF SERVICE

I, R. David Kaufman, hereby certify that on December 20, 2019, I caused the foregoing pleading to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record and registered participants.

      */s/ R. David Kaufman*
      R. David Kaufman