IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **ALYSSON MILLS,** *in her capacity as receiver for Arthur Lamar Adams and Madison Timber Properties, LLC* | **PLAINTIFF** |
| V. | CAUSE NO. 3:18-CV-866-CWR-BWR |
| **BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC; ALEXANDER SEAWRIGHT, LLC; BRENT ALEXANDER; JON SEAWRIGHT** | **DEFENDANTS** |

## ORDER

Before the Court is Baker Donelson's motion for summary judgment. Docket No. 128. The motion comes on the heels of an Order resolving Baker Donelson's earlier motion for partial summary judgment. Docket No. 127.

This time, the law firm argues that this case should end pursuant to the Eleventh Circuit's decision in *Wiand v. ATC Brokers Ltd.*, 96 F.4th 1303 (11th Cir. 2024). The reasoning in that case, however, was based on an earlier Eleventh Circuit decision, *see Isaiah v. JPMorgan Chase Bank*, 960 F.3d 1296, 1306 (11th Cir. 2020), which in turn was based on Florida law. This Court is not persuaded that it should apply an Eleventh Circuit decision interpreting Florida law.

Baker Donelson attempts to clarify things. It says the Eleventh Circuit's decision shows how the allegations of the Receiver's amended complaint are inadequate under *Mississippi* law. But the Court has already determined that the Receiver's amended complaint states viable claims under Mississippi law. Docket No. 70. The Rule 12 stage ended years ago, and parties are not allowed to present Rule 12 arguments "in a series." *Flory v. United States*, 79 F.3d 24, 25 (5th Cir. 1996) (citation omitted).

Baker Donelson then pivots. It suggests that its latest arguments are timely—and pushes back on the notion that it is engaging in abusive motion practice—because "[d]iscovery has crystallized that there is no genuine dispute of fact on the essential issue." Docket No. 129 at 9; *see also* Docket No. 133 at 2 (urging the Court to look at "the facts now established"). This argument is divorced from reality. The "discovery" Baker Donelson has attached to its motion are transcripts of criminal proceedings from 2018 and 2019. Those transcripts were available to Baker Donelson when it filed its Rule 12 motion. *See* Docket No. 59. It's not even clear that they constitute discovery in any meaningful sense of the term, as the Receiver wasn't allowed to participate in those proceedings.

In truth, discovery in this case hasn't "crystallized" or "established" anything yet. Through a series of lengthy stays, initiated by a variety of defendants, not a single deposition has taken place in this matter. The Court is optimistic that the Magistrate Judge's recent ruling will accelerate the process. Docket No. 135. Until the discovery period has closed, though, the parties should refrain from filing any more dispositive motions.

The motion is denied.

**SO ORDERED**, this the 1st day of October, 2024.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE