IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **ALYSSON MILLS**, *in her capacity as Receiver for Arthur Lamar Adams and Madison Timber Properties, LLC* | **PLAINTIFF** |
| v. | Case No. 3:18-cv-00866-CWR-BWR |
| **BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC et al.** | **DEFENDANTS** |
| **ALYSSON MILLS** *in her capacity as Receiver for Arthur Lamar Adams and Madison Timber Properties, LLC* | **PLAINTIFF** |
| v. | Case No. 3:20-cv-00232-CWR-BWR |
| **JON DARRELL SEAWRIGHT** | **DEFENDANT** |

## ORDER DENYING RECEIVER'S MOTION TO COMPEL OR FOR LEAVE

Alysson Mills, in her capacity as the court-appointed receiver for Arthur Lamar Adams and Madison Timber Properties, LLC ("Receiver") moves to compel Defendant Baker, Donelson, Bearman, Caldwell & Berkowitz PC ("Baker Donelson") to respond to a third set of written discovery that Receiver served on Baker Donelson in December 2024. Receiver's Motion to Compel is denied because the deadline for Receiver to serve written discovery on Baker Donelson was June 17, 2022, Receiver did not seek leave before serving the requests, and Receiver has not shown good cause.

# I. BACKGROUND

A.  <u>Procedural History</u>

The consolidated discovery action was opened in January 2022 "for the sole purpose of managing consolidated discovery" in four cases brought by Receiver against multiple defendants. Order [1] at 1, *In re Consol. Discovery*, 3:22-cv-36-CWR-FKB (S.D. Miss. Jan. 28, 2022). United States Magistrate Judge F. Keith Ball entered a Case Management Order that ordered discovery to proceed in phases: first written discovery, then depositions of parties and fact witnesses, then designation and depositions of experts. *Id.* at 2. Magistrate Judge Ball ruled that "no written discovery may be served after <u>June 17, 2022</u>." *Id.* at 3 (emphasis in original). He stated that "[u]pon a showing of good cause through motion filed with the Court, the Court will allow a party to serve additional written discovery in Phases II and III. Such additional written discovery will not be allowed in the absence of good cause." *Id.* at 3 n.2.

During the consolidated discovery action, Receiver propounded written discovery requests to Baker Donelson on February 22, 2022 and June 17, 2022. Receiver's Mem. [155] at 2. Without leave of Court, Receiver served a third set of discovery requests on Baker Donelson on August 2, 2022 and then a "Motion for Leave And/or Motion to Compel Discovery Responses" on October 19, 2022. Receiver's Mot. [478], *In re Consol. Discovery*, 3:22-cv-36-CWR-FKB (S.D. Miss. Oct. 19, 2022). Receiver's third requests to Baker Donelson sought "to discover what action (if any) Baker Donelson took regarding the employment of Alexander and Seawright after

April 2018." *Id.* at 4. Receiver asserted that "[t]his information is relevant to the Receiver's claim that Baker Donelson is vicariously liable for Alexander's and Seawright's acts because it ratified their conduct[.]" *Id.*

On March 10, 2023, Magistrate Judge Ball denied Receiver's "Motion for Leave And/or Motion to Compel Discovery Responses." Order [589] at 2, *In re Consol. Discovery*, 3:22-cv-36-CWR-FKB (S.D. Miss. Mar. 10, 2023). Magistrate Judge Ball found that Receiver provided no good explanation for failing to (1) timely serve the requests or (2) seek leave before serving the requests. *Id.* Magistrate Judge Ball held:

> The Court set deadlines for conducting Phase I discovery. The Court acknowledges that, upon a showing of good cause through motion filed with the Court, additional written discovery may be allowed later in this case. And the Receiver may seek later from Baker Donelson the information sought in the subject discovery requests. But at this juncture, the Court will not grant a party leave to propound additional written discovery when the applicable Phase I deadline has long passed.

*Id.*

Ten days later, Magistrate Judge Ball denied Trustmark National Bank's ("Trustmark's") motion to extend the deadline for serving written discovery, a motion that Baker Donelson joined and Receiver opposed. Order [591], *In re Consol. Discovery*, 3:22-cv-36-CWR-FKB (S.D. Miss. Mar. 20, 2023). Magistrate Judge Ball stated, "the Court will not allow the parties to propound any new written discovery to parties or propose or serve any new subpoenas to third parties in Phase I, because the time period to request and serve such written discovery in Phase I has expired." *Id.* at 2.

3

Receiver re-served the third requests to Baker Donelson on December 11, 2024, Baker Donelson objected on January 10, 2025, and Receiver filed the instant Motion to Compel or for Leave [154] on February 4, 2025.

## II. DISCUSSION

1. <u>Receiver's Third Requests are Untimely and Were Served Without Leave</u>

As grounds for serving written discovery requests now, Receiver argues that the Case Management Order in the consolidated discovery proceeding expired and "does not govern this case, in which full discovery is now underway." Receiver's Mem. [155] at 4. This argument is implausible because Magistrate Judge Ball ruled in the consolidated discovery action that

> All discovery issued and responded to by the parties in this case, all discovery conducted in this case as to non-parties, and all orders issued by the Court in this case shall have the same force and effect as if having been done in the above-referenced cases. The Court creates this case to administer its docket efficiently and in the interest of economy of the parties and the Court.

Order [1] at 3, *In re Consol. Discovery*, 3:22-cv-36-CWR-FKB (S.D. Miss. Jan. 28, 2022).

Receiver's rationalization that the Federal Rules of Civil Procedure "do not phase discovery or limit the time in which certain discovery tools can be used" ignores the Court's broad powers of case management and discretion to phase discovery. *See* Fed. R. Civ. P. 16(b) and (c), 42(a)(3). Magistrate Judge Ball ruled that discovery would occur in phases, and Receiver's deadline to serve written discovery on Baker Donelson was June 17, 2022. Order [7] at 3, *In re Consol. Discovery*, 3:22-cv-36-CWR-FKB (S.D. Miss. Jan. 31, 2022). Receiver issued three sets of written discovery

4

requests to Baker Donelson during the consolidated discovery proceedings. Receiver's third set, served on August 2, 2022, was found untimely. The third set, served again on December 11, 2024, is still untimely.

Receiver has twice served the third requests without seeking leave of Court. On March 10, 2023, Magistrate Judge Ball found that Receiver provided no good explanation for "her failure to seek leave from the June 17, 2022 deadline before serving those discovery requests." Order [589] at 2, *In re Consol. Discovery*, 3:22-cv-36-CWR-FKB (S.D. Miss. Mar. 10, 2023). Despite that ruling, Receiver served the third requests again without leave of Court, on December 11, 2024, which is reason enough to deny her Motion.

2.   <u>Receiver Has Not Demonstrated Good Cause</u>

District courts have broad discretion in enforcing the deadlines in their scheduling orders. *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see* Fed. R. Civ. P. 6(b) ("When an act must be done within a specified time, the court may, for good cause, extend the time[.]"). To determine whether Receiver has met her burden to show good cause, the Court considers: (1) the explanation for failing to meet the deadline; (2) the importance of the requested relief; (3) potential prejudice in granting relief; and (4) the availability of a continuance to cure such prejudice. *S&W Enters., LLC v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003); *Geiserman*, 893 F.2d at 791.

To establish good cause, "require[s] *at least* as much as would be required to show excusable neglect, and actions falling into the category of inadvertence, mistake or ignorance of counsel are not excusable neglect and do not establish good cause . . . ." *McGinnis v. Shalala,* 2 F.3d 548, 550 (5th Cir. 1993) (emphasis in original) (internal citations and quotations omitted); *see Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 392 (1993) ("Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant.").

Receiver's explanation for serving the third requests late is that "Receiver had not intended to limit her requests of Baker Donelson to that time period." Receiver's Mem. [155] at 2. Receiver explains that her first and second requests to Baker Donelson defined "the time period in question [a]s January 1, 2011, through April 30, 2018." Ex. [160-1] at 7, Ex. [160-2] at 7.

> The instruction was cut-and-pasted from requests of other defendants in the *In re Consolidated Cases* action. At the time, the Receiver's counsel was issuing requests to and responding to requests from dozens of defendants (approximately 25 consolidated defendants save Jon Seawright, Brent Alexander, and Alexander Seawright LLC). The time period was generally appropriate for requests of defendants other than Baker Donelson.

Receiver's Mem. [155] at 2 n.2.

Receiver maintains that when she realized that the "January 1, 2011, through April 30, 2018" time frame was not appropriate for requests to Baker Donelson, she "immediately issued new requests on August 2, 2022, admittedly after the then-

6

CMO's deadline of June 17, 2022. The new requests specifically asked for information relevant to Baker Donelson's actions after April 2018." *Id.* at 2.

Baker Donelson counterargues that Receiver's "explanation is impossible to credit" because fifty-seven days before the June 17, 2022 deadline for serving written discovery, in its April 21, 2022 responses to Receiver's first set of written discovery requests, Baker Donelson "explicitly objected to the requests to the extent they sought information that post-dated Adam's April 18 arrest." Baker Donelson's Mem. [160] at 13. In Reply, Receiver does not answer this allegation.

The explanation for needing more time is the most important good faith factor. *Norton v. BP Expl. & Prod. Inc.*, No. 1:21-cv-71-HSO-JCG, 2021 WL 4955198, at *2 (S.D. Miss. Sept. 27, 2021). Here, Receiver's late service of the third requests did not arise from circumstances beyond her control, and her mistake does not meet the excusable neglect standard. The sought information may be important, but the importance is mitigated because Receiver may ask deponents the questions in her third requests, as she concedes. Receiver's Mem. [155] at 7. Receiver is advancing many theories of relief, and her case does not turn on the information sought in the third requests. Also, importance "cannot singularly override the enforcement of local rules and scheduling orders." *Geiserman*, 893 F.2d at 787.

Granting Receiver's Motion would prejudice Baker Donelson because "the parties are diligently pursuing an expeditious discovery schedule with multi-tracked depositions," and written discovery was supposed to be completed over two and half years ago. Baker Donelson's Mem. [160] at 14. Baker Donelson complied with the

deadline for serving written discovery and granting Receiver relief would mean Baker Donelson paying for Receiver's mistake by being double tasked with depositions, while also searching for more documents and conducting a privilege review. Baker Donelson's Mem. [160] at 14. This case is over six years old, and the Court is not inclined to reopen or extend deadlines.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Receiver's Motion to Compel or For Leave [154] is **DENIED.**

**SO ORDERED** this 8th day of April 2025.

*s/ Bradley W. Rath*

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE