IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ALYSSON MILLS,** *in her capacity as Receiver for Arthur Lamar Adams and Madison Timber Properties, LLC,*

*Plaintiff,*

v.

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC,** *et al.,*

*Defendants.*

CAUSE NO. 3:18-CV-866-CWR-BWR

### ORDER

Defendant, Baker Donelson, filed an unopposed motion for leave to file under seal certain exhibits to its forthcoming motion for summary judgment. The motion is granted, but the Court may request further briefing from the parties or *sua sponte* require the unsealing of the documents, as discussed below.

Defendant identifies three categories of documents: (1) those that it can and will redact to conform to the requirements of the Protective Order in this case, Docket No. 6; (2) those that Baker Donelson says it is not in a position to determine what information would need to be redacted to conform to the Protective Order; and (3) those that the Receiver has marked "Confidential" pursuant to the Protective Order.

Movant has not provided the Court with unredacted copies of these documents, so the Court is not yet able to fully evaluate them.[1] The law in this area favors public access. "Judicial records are public records. And public records, by definition, presume public

---

[1] The Court notes that one of the documents Baker Donelon seeks to file under seal is a news article. The Court doubts that such an item could ultimately overcome the public's right to access.

1

access." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416 (5th Cir. 2021). "The public has a common law right to inspect and copy judicial records." *Bradley on behalf of AJW v. Ackal*, 954 F.3d 216, 224 (5th Cir. 2020) (quotation marks and citation omitted). While the Court will, of course, "balance the public's common law right of access against the interests favoring nondisclosure", *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (collecting cases), the Court reminds the parties that "an abundance of caution is not enough to overcome the default standard favoring the public's right of access." *Phi Theta Kappa Honor Society v. Honorsociety.org*, 3:22-CV-208-CWR-RPM, Docket No. 365 at 3 (S.D. Miss. Dec. 23, 2024).

**SO ORDERED**, this the 3rd day of November 2025.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
