UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| ALYSSON MILLS, IN HER CAPACITY AS RECEIVER FOR ARTHUR LAMAR ADAMS AND MADISON TIMBER PROPERTIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BUTLER SNOW LLP; BUTLER SNOW ADVISORY SERVICES, LLC; MATT THORNTON; BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC; ALEXANDER SEAWRIGHT, LLC; BRENT ALEXANDER; and JON SEAWRIGHT,<br><br>Defendants. | Case No. 3:18-cv-866-CWR-BWR<br><br>Arising out of Case No. 3:18-cv-252, *Securities and Exchange Commission v. Arthur Lamar Adams and Madison Timber Properties, LLC*<br><br>Carlton W. Reeves, District Judge<br>Bradley W. Rath, Magistrate Judge |

**MOTION TO EXCLUDE THE TESTIMONY OF**
**ROBERT L. GIBBS**

Alysson Mills, in her capacity as Receiver of Arthur Lamar Adams ("Adams") and Madison Timber Properties, LLC ("Madison Timber") respectfully moves to exclude the testimony of Robert L. Gibbs, an expert retained by Defendant Baker, Donelson, Bearman, Caldwell & Berkowitz, PC ("Baker Donelson"). In support, she states and shows:

1.   Baker Donelson retained Gibbs to provide testimony on the use of notaries in Mississippi.

1

4073847v1

2. Gibbs is not qualified to opine on notaries because he has no specialized knowledge or expertise (if any is necessary) regarding Mississippi notaries. To form his expert opinion, he simply read and regurgitated Mississippi law on notaries, and he admits that anyone could do this.

3. Gibbs's opinions are simply legal conclusions on issues not in dispute in this case. Gibbs admitted that none of the opinions he offers address a disputed issue, in part because his opinions are basic recitations of Mississippi rules and regulations on notaries.

4. Gibbs's opinions address matters that the jury can understand without his help, and the jury will be provided with the same information that he reviewed. His opinions are unnecessary and irrelevant.

5. The Receiver attaches the following exhibits to this Motion and incorporates them by reference:

Exhibit 1: Gibbs Report.

Exhibit 2: Excerpts of Transcript of Gibbs Deposition.

Wherefore, for the reasons stated here and in the accompanying memorandum, the Receiver asks that the Court exclude the testimony of Baker Donelson's expert Robert L. Gibbs in its entirety.

Respectfully submitted,

| /s/ Lilli Evans Bass | /s/ Kaja S. Elmer |
|---|---|
| BROWN BASS & JETER, PLLC | FISHMAN HAYGOOD, LLP |
| Lilli Evans Bass, Miss. Bar No. 102896 | *Admitted pro hac vice* |
| 1755 Lelia Drive, Suite 400 | Brent B. Barriere |
| Jackson, Mississippi 39216 | Kaja S. Elmer |
| Tel: 601-487-8448 | Maggie Daly |
| Fax: 601-510-9934 | 201 St. Charles Avenue, Suite 4600 |
| bass@bbjlawyers.com | New Orleans, Louisiana 70170 |
|  | Tel: 504-586-5253 |

                                                                        Fax: 504-586-5250
                                                                        bbarriere@fishmanhaygood.com
                                                                         kelmer@fishmanhaygood.com
                                                                          mdaly@fishmanhaygood.com

## CERTIFICATE OF SERVICE

      I certify that I electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of filing to all counsel of record.

      Date: November 3, 2025

                                                                             */s/ Kaja S. Elmer*

4073847v1