IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ALYSSON MILLS,** *in her capacity as Receiver for Arthur Lamar Adams and Madison Timber Properties, LLC,*

*Plaintiff,*

v.

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC,** *et al.,*

*Defendants.*

CAUSE NO. 3:18-CV-866-CWR-BWR

### ORDER

Plaintiff filed a motion for leave to file under seal certain exhibits to her motion for partial summary judgment and motions in limine. Docket No. 237. The motion is granted.

The law in this area favors public access. "Judicial records are public records. And public records, by definition, presume public access." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416 (5th Cir. 2021). "The public has a common law right to inspect and copy judicial records." *Bradley on behalf of AJW v. Ackal*, 954 F.3d 216, 224 (5th Cir. 2020) (quotation marks and citation omitted). The right of access; however, is not absolute.

The exhibits identified by the Receiver contain Investor PII and other information that permits the identification of or inference of the identity of Investors in the Madison Timber Ponzi scheme. In this situation, where non-party individuals' private financial information is concerned, the interests favoring nondisclosure outweigh the public's common law right of access. *See Binh Hoa Le*, 990 F.3d at 419 (discussing balancing test to determine whether a document should be sealed). The public's interest in the sensitive financial information of

non-party individuals who invested in Ponzi schemes is at best minimal. *See, e.g.*, *Goodman v. J.P. Morgan Inv. Mgmt., Inc.*, 301 F. Supp. 3d 759, 784 (S.D. Ohio 2018) ("Courts have recognized the strong interest in keeping personal financial records from public view.") (citations omitted); *Ruby Slipper Café, LLC v. Belou*, No. 18-1548, 2020 WL 4897905, at *9 (E.D. La. Jan. 8, 2020) (noting that courts in the Fifth Circuit "have recognized parties' strong interest in keeping their detailed financial information sealed because the public has a relatively minimal interest in that particular information") (quotation marks, brackets, and citations omitted).

The Receiver has not requested to seal her motions or memoranda associated with the exhibits. Balancing the public's right to access judicial records and the facts in this case, sealing seven exhibits, while keeping the motions and memoranda unsealed, is an appropriate remedy.

**SO ORDERED**, this the 6th day of November 2025.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE
