IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ALYSSON MILLS,** *in her capacity as Receiver for Arthur Lamar Adams and Madison Timber Properties, LLC,*

*Plaintiff,*

v.

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC,** *et al.,*

*Defendants.*

CAUSE NO. 3:18-CV-866-CWR-BWR

## ORDER EXCLUDING OPINION AND TESTIMONY OF ROBERT L. GIBBS

Baker Donelson hired Robert L. Gibbs to provide expert opinion on notaries in the State of Mississippi. The Receiver moved to exclude Mr. Gibbs's opinion. Docket No. 224. Mr. Gibbs's proffered opinions are outside the proper scope of expert testimony and are unhelpful to the trier of fact. Therefore, the Court grants the Receiver's motion and precludes Mr. Gibbs from offering expert testimony in this action.

### Legal Standard

"In *Daubert*, the Supreme Court instructed district courts to function as gatekeepers and permit only reliable and relevant expert testimony to be presented to the jury." *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590-93 (1993)).

The proponent of expert testimony must demonstrate that "it is more likely than not that [] the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue[.]" Fed. R. Evid. 702(a). *See also*

1

*Carlson v. Bioremedi Therapeutic Sys.*, 822 F.3d 194, 199 (5th Cir. 2016) ("An expert witness's testimony should be excluded if the district court 'finds that the witness is not qualified to testify in a particular field or on a given subject.'") (quoting *Wilson*, 163 F.3d at 937). "District courts must be assured that the proffered witness is qualified to testify by virtue of his 'knowledge, skill, experience, training, or education.'" *Wilson*, 163 F.3d at 937 (quoting Fed. R. Evid. 702). Testimony that does not rest on relevant expertise "does not qualify as an appropriate expert opinion." *Taylor v. Detroit Diesel Realty, Inc.*, No. 3:12-CV-506, 2014 WL 2013348, at *3 (S.D. Miss. May 16, 2014). "A party seeking to introduce expert testimony must show '(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.'" *Smith v. Goodyear Tire & Rubber Co.*, 495 F.3d 224, 227 (5th Cir. 2007) (quoting Fed. R. Evid. 702).

"[A]n expert may never render conclusions of law." *Goodman v. Harris Cty.*, 571 F.3d 388, 399 (5th Cir. 2009). The Fifth Circuit has "consistently held that legal opinions are not a proper subject of expert testimony because they do not assist the trier of fact in understanding the evidence, instead merely telling the trier of fact what result to reach." *BNY Mellon, N.A. v. Affordable Holdings, Inc.*, No. 1:09-CV-226, 2011 WL 2746301, at *1 (N.D. Miss. July 12, 2011) (collecting cases); *see also Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983) ("[A]llowing an expert to give his opinion on the legal conclusions to be drawn from the evidence both invades the court's province and is irrelevant.").

## Analysis

Robert Gibbs is a licensed Mississippi attorney with over 40 years of experience, including time serving as a state Circuit Judge. Baker Donelson retained Mr. Gibbs to testify

"on the use of notarial officers ('notaries') in the State of Mississippi." Docket No. 224-1. Specifically, Baker Donelson asked Mr. Gibbs to opine on the following six questions:

(1) What is a Mississippi 'notary'?

(2) What does a Mississippi notary do in a 'signature witnessing'?;

(3) Do people typically and reasonably rely on certifications and signature witnessings by Mississippi notaries?

(4) If the purported landowners/grantors whose purported signatures appear on notarized timber deeds did not sign the deeds in the physical presence of the notaries who signed and sealed those deeds, did those notaries fulfill their professional obligations and comply with standard notarial practices?

(5) Did the Mississippi notaries identified in the provided timber deeds fulfill their professional obligations and follow standard notarial practices if they did not keep a fair register of all their notarial acts?

(6) What conclusion should recipients of the provided timber deeds have drawn about the notaries' and purported landowners' actions?

*Id.*

As an initial matter, the Court is not convinced that Mr. Gibbs is qualified to offer expert testimony in the proffered field. The Court is not convinced there even is such a field of specialized expertise "on the use of notarial officers ('notaries') in the State of Mississippi." *See, e.g.*, *Wilson*, 163 F.3d at 937 (questioning whether a field can be classified as an expert field "under the rules and guidelines set forth by the Supreme Court in *Daubert*."). And, assuming there is, Mr. Gibbs's experience, though impressive, does not demonstrate how he would have any special insight into the notarial process unavailable to anyone with a general legal background,[1] or even any person who has had occasion to have documents notarized.

---

[1] In fact, it appears that Mr. Gibbs did not review the specific authorities governing notaries in Mississippi prior to being engaged for this case. Docket No. 224-2 at 24 ("I had not just sat down and read them verbatim until I started preparing this report.").

3

*See id.* at 938. (noting the court's impression that the proffered "'expertise' in accident reconstruction was no greater than that of any other individual with a general scientific background"); *Smith as Trustee for Sanders v. Koch Foods, Inc.*, No. 3:19-CV-721, 2022 WL 1817333, at *3 (S.D. Miss. June 2, 2022) ("In other words, 'an expert cannot present conduit testimony unless the expert adds special insights of his own.'") (quoting 3 Mueller & Kirkpatrick, Federal Evidence § 7:16) (cleaned up).

Even were the Court convinced this is a legitimate field of specialized study and Mr. Gibbs was qualified to offer expert insight, his opinions venture outside the proper scope of expert testimony, are unhelpful to the jury, and must be excluded. The Court discusses problems with Mr. Gibbs's proffered opinions in the context of each of the six questions posed above. However, given the overlapping nature of the topics embraced by those questions, issues the Court raises in the context of a specific set of questions may not be contained to solely those portions of Mr. Gibbs's opinion.

Mr. Gibbs answers questions one and two, from the list above, largely by quoting a Mississippi Supreme Court case and the Mississippi Administrative Code. These are mere summaries of the law. The purpose of expert testimony is not to render legal conclusions. *Goodman*, 571 F.3d at 399 ("[A]n expert may never render conclusions of law."); *see also Hankins v. Ford Motor Co.*, No. 3:08-CV-639, 2012 WL 174793, at *8 (S.D. Miss. Jan. 20, 2012) (noting that Rule 704 of the Federal Rules of Evidence does not permit experts to testify regarding legal conclusions). "Likewise, it is the Court's job—not an expert witness's—to instruct the jury as to the applicable law." *Mears v. Jones*, No. 1:17-CV-6, 2019 WL 3483157, at *1 (S.D. Miss. July 31, 2019) (citations omitted). These opinions are not properly the venue of expert testimony, and they are excluded.

4

Mr. Gibbs's opinions with respect to questions four and five fare no better. In those questions, Baker Donelson asks Mr. Gibbs to opine on whether notaries breached the duties imposed on them by Mississippi law, and he offers his opinion on the subject. Docket No. 224-1 at 7 ("The notaries breached their professional obligations and deviated from the standard of notarial practices in Mississippi[.]"); *id.* at 14 (concluding, in response to question four, that "the notaries did not act with reasonable care"); *id.* at 24 (concluding, in response to question five that notaries "did not fulfill their professional obligations and deviated from standard notarial practice"). Mr. Gibbs's proffered conclusions are legal opinions, and they are not properly the subject of expert testimony. *See, e.g.*, *Mears*, 2019 WL 3483157, at *2 (explaining that "an expert witness may not instruct the jury as to the duties Mississippi law imposes on the parties. Likewise, an expert witness may not express an opinion as to whether particular actions or omissions constituted negligence."). These opinions too must be excluded.

Finally, there is no indication that Mr. Gibbs's opinion with respect to questions three and six would provide any special insight that would not already be known to a lay person who has had occasion to interact with a notary.[2] The jury can answer those questions with reference to their background experience and knowledge, and no expert testimony is necessary to assist them. *See Peters v. Five Star Marine Service*, 898 F.2d 448, 450 (5th Cir. 1990) (affirming exclusion of expert testimony where the trial court determined that "the jury could

---

[2] Mr. Gibbs's own testimony confirms this. Docket No. 224-2 at 15 ("Q. And again, even without reading those cases or knowing the ins and outs of the rules and regulations, the average person can be familiar with the notarial process from partaking in it, right? A. I would agree with that.").

5

adeptly assess the situation using only their common experience and knowledge"). These opinions too are excluded.

## Conclusion

Mr. Gibbs's proffered opinions venture outside the proper scope of expert testimony, invade the province of the Court, and are unhelpful to the jury. For these reasons, the Receiver's motion to exclude, Docket No. 224, is granted.

**SO ORDERED**, this the 4th day of February 2026.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
