# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**ALYSSON MILLS,** *in her capacity as Receiver for Arthur Lamar Adams and Madison Timber Properties, LLC,*

*Plaintiff,*

v.

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC,** *et al.,*

*Defendants.*

CAUSE NO. 3:18-CV-866-CWR-BWR

## ORDER

The Receiver hired Marta-Ann Schnabel to provide expert opinion on law practice management. Baker Donelson moved to exclude Ms. Schnabel's opinion. Docket No. 231. Because Ms. Schnabel's proffered opinions are sufficiently relevant and reliable to satisfy the requirements of *Daubert*, Baker Donelson's motion is denied.

## Legal Standard

"In *Daubert*, the Supreme Court instructed district courts to function as gatekeepers and permit only reliable and relevant expert testimony to be presented to the jury." *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590-93 (1993)).

"A party seeking to introduce expert testimony must show '(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of

1

the case.'" *Smith v. Goodyear Tire & Rubber Co.*, 495 F.3d 224, 227 (5th Cir. 2007) (quoting Fed. R. Evid. 702).

## Analysis

Marta-Ann Schnabel is the managing director of O'Bryon & Schnabel, PLC and previously served as managing partner of Leake & Andersson, LLP for ten years. She served as President of the Louisiana State Bar Association and of the New Orleans Bar Association. She has been a member of the LSBA's Rules of Professional Conduct Committee for 20 years, and she was a member of the LSBA's Ethics Advisory Service Committee for 15 years. The Receiver hired Ms. Schnabel to offer expert opinion on law firm management. The Receiver retained Ms. Schnabel to opine on three questions:

(1) Whether the management and supervisory controls exercised by the Baker Donelson firm over Brent Alexander and Jon Seawright met the standards that the firm articulated for members and employees in its bylaws and handbook.

(2) Whether the management and supervisory controls exercised by the Baker Donelson firm over Alexander and Seawright met the standards set forth by the Rules of Professional Conduct.

(3) Considering the foregoing, as well as the open behaviors of Alexander and Seawright, whether Baker Donelson should have known that Alexander and Seawright were operating the Alexander Seawright Timber Fund 1 and developing the Alexander Seawright Timber Fund 2 through Baker Donelson connections and using Baker Donelson resources and personnel.

In response to these questions, Schnabel provided the following opinions.

(1) Baker Donelson's managerial and supervisory controls did not match the standards set by Baker Donelson's Employee Handbook/Code of Business Conduct, By-laws, or good practice. The firm took no steps to enforce its own rules to supervise or limit the work of Seawright and Alexander.

(2) Rule of Professional Conduct 1.8 prohibits lawyers from entering into business transactions with clients, but Baker Donelson did not inquire about potential conflicts of interest based on the open and obvious way

2

>    Seawright and Alexander conducted their timber business at the Baker Donelson Jackson office. Baker Donelson had a duty pursuant to Rules of Professional Conduct 5.1 and 5.3 to know about and supervise Alexander's business activities, and there should have been concern that the relationship between Seawright and Alexander brushed up against Rule 5.4(b). Baker Donelson's managerial and supervisory controls did not match the standards intended by the Rules of Professional Conduct.
>
> (3) Baker Donelson should have known that Alexander and Seawright were operating this investment enterprise out of the Baker Donelson Jackson office. Baker Donelson did not take any adverse action, which demonstrates a lack of management and supervisory controls and falls below the standard of care required by Baker Donelson's internal policies, the Rules of Professional Conduct, and the standard of care for law firms.

Baker Donelson does not challenge Ms. Schnabel's qualifications to provide expert opinion in the field of law firm management. Although the firm does argue that Ms. Schnabel is not an expert on Baker Donelson policy, that argument misapprehends her proffered area of expertise. She is offered as an expert in firm management. As part of developing her opinions, she reviewed Baker Donelson's internal policies, to develop an opinion on firm management practices at Baker Donelson with respect to its internal procedures. Upon review, the Court is satisfied that Ms. Schnabel is qualified to offer expert opinion on law firm management.

Baker Donelson challenges Ms. Schnabel's proffered opinions of grounds of relevance and reliability. The Court first dispenses with the issue of relevance. Ms. Schnabel's opinions are relevant to matters in this case. The complaint alleges Baker Donelson is vicariously liable for Seawright and Alexander's acts and alleges the firm is directly liable for its own failure to supervise them. Issues before the jury include whether Baker Donelson impliedly or otherwise authorized Seawright's and Alexander's timber business and whether, after the fact, Baker Donelson ratified that business by failing to take any adverse action. Schnabel's

opinions are relevant to these issues. Whether, for instance, Baker Donelson followed its own internal procedures, including supervisory and disciplinary procedures, with respect to Alexander and Seawright could tend to show failure to supervise, authorization, and/or ratification of their actions. The Court finds these opinions satisfy the relevance requirement imposed by *Daubert*.

As for reliability, Baker Donelson primarily offers two critiques. First, Baker Donelson repeatedly points to the following testimony:

> Q. So what firms are you aware of that follow this best practice?
>
> A. Well, mine does. I can't give you a list of firms that follow this best practice, but it's certainly something that we talk about doing in the when we're doing management discussions.
>
> Q. Okay. So can -- putting aside your own firm, is there any other firm that you're aware of, sitting here today, that follows this best practice?
>
> A. Well, I would hope that all of them do.
>
> Q. Putting aside what you hope, can you testify that any –
>
> A. That I know for sure?
>
> Q. Yeah.
>
> A. Yeah, no, I don't know for sure.

The firm argues that this shows that Ms. Schnabel's methodology is unreliable, because it is unsupported with respect to what "what law firms ordinarily do," *i.e.*, the standard of care. Docket No. 232 at 5. This testimony certainly can be used to call Ms. Schnabel's credibility into question. It also offers Baker Donelson an avenue of attack on cross examination, regarding steps Ms. Schnabel could but did not take to determine the standard of care. It does not, however, leave her opinion fundamentally unsupported. Ms. Schnabel testified that the

majority of her knowledge comes from a variety of professional experiences.[1] She may draw on those experiences to inform the standard of care about which she intends to testify. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 137 (1999) ("[N]o one denies that an expert might draw a conclusion from a set of observations based on extensive and specialized experience."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 247 (5th Cir. 2002) (quoting same); *Serrano-Cordero v. Kroger, Tex., L.P.*, No. 4:10–CV–483, 2012 WL 3495376, at *3 (E.D. Tex. Aug. 15, 2012) ("A witness' experience, studies and education, combined with a review of the relevant materials can provide a reliable basis for expert testimony.").

Baker Donelson also attacks Ms. Schnabel's opinion as lacking a basis with respect to the firm's failure to take action against Seawright and/or Alexander. There appears to be a basis for this opinion in, for example, admissions and interrogatory responses given by Seawright and Alexander.[2] Likewise, Baker Donelson raises other attacks on Ms. Schnabel's proffered opinions, but none rise to the level of defeating the presence of relevance or reliability. Testimony offered by Ms. Schnabel must still comport with the rules of evidence and may not veer outside the proper scope of expert testimony,[3] but the Court is satisfied that her proffered opinions comply with the rules and guidelines set forth by the Supreme Court in *Daubert* such that exclusion is not required.

---

[1] Of note, part of Ms. Schnabel's experience includes editing a Law Firm Practice Management Guide.

[2] Docket No. 279-2 at 12 (Request: "Admit that Baker Donelson took no adverse action against you for any reason related to ASTF and/or Madison Timber after Madison Timber collapsed in April 2018." Response: "Mr. Seawright admits that in September 2021 he resigned from his employment at Baker Donelson. Otherwise, to the best of his knowledge, information, and belief, Mr. Seawright admits no adverse action was taken against him."); Docket No. 279-3 ("Mr. Alexander resigned from Baker Donelson in January 2020; otherwise, Mr. Alexander is not aware of actions taken in connection with his employment at Baker Donelson that could be deemed to be 'adverse.'").

[3] *See, e.g.*, Docket No. 289 ("The purpose of expert testimony is not to render legal conclusions.").

## Conclusion

Because Ms. Schnabel's proffered opinions are sufficiently relevant and reliable to satisfy the requirements of *Daubert*, Baker Donelson's motion, Docket No. 231 is denied.

**SO ORDERED**, this the 6th day of February 2026.

s/ Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE