UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| ALYSSON MILLS, IN HER CAPACITY AS RECEIVER FOR ARTHUR LAMAR ADAMS AND MADISON TIMBER PROPERTIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BUTLER SNOW LLP; BUTLER SNOW ADVISORY SERVICES, LLC; MATT THORNTON; BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC; ALEXANDER SEAWRIGHT, LLC; BRENT ALEXANDER; and JON SEAWRIGHT,<br><br>Defendants. | Case No. 3:18-cv-866-CWR-BWR<br><br>Arising out of Case No. 3:18-cv-252, *Securities and Exchange Commission v. Arthur Lamar Adams and Madison Timber Properties, LLC*<br><br>Carlton W. Reeves, District Judge<br>Bradley W. Rath, Magistrate Judge |

**MEMORANDUM IN SUPPORT OF MOTION TO CORRECT JUDGMENT**

Alysson Mills, in her capacity as the court-appointed receiver for Arthur Lamar Adams and Madison Timber Properties, LLC, respectfully submits this memorandum in support of her motion to correct the Court's "Order on Cross-Motions for Summary Judgment." [335]

The Court's order granted summary judgment to Defendants on the Receiver's state-law RICO claim on the sole basis that the Court already dismissed the claim. In fact, the Court dismissed the claim against Brent Alexander and Alexander Seawright LLC only. It never dismissed the claim against Jon Seawright. The claim against Seawright does not need to be revived; it is still good today, and summary judgment on it is improper.

4111345v1

## RELEVANT FACTS

The Receiver asserted a state-law RICO claim against Alexander Seawright, LLC, Brent Alexander, and Jon Seawright in her original complaint, on December 19, 2018 [1 at ¶¶ 150-158], and in her amended complaint, on November 22, 2019 [57 at ¶¶ 164-172].

On November 3, 2019, Seawright filed a petition for bankruptcy, triggering an automatic stay of litigation against him pursuant to 11 U.S.C. § 362.[1]

On December 20, 2019, Alexander and Alexander Seawright LLC moved to dismiss all claims against them, including the RICO claim. [63] That motion expressly represented that it "d[id] not seek adjudication of any claims against Mr. Seawright individually." [63 at 1]

On December 7, 2020, the Receiver filed an adversary complaint in Seawright's bankruptcy proceeding.[2] The adversary proceeding was moved to this Court.[3]

On April 30, 2020, Seawright moved to dismiss the adversary complaint.[4] In support, he attached the same memorandum that Alexander and Alexander Seawright LLC filed in support of their motion to dismiss.[5]

The Court denied Seawright's motion in its entirety on March 1, 2021.[6]

The Court largely denied Alexander and Alexander Seawright LLC's motion on May 5, 2021, but it did dismiss the Receiver's RICO claim against them because "none of today's defendants have been convicted of anything relating to this Ponzi scheme." [70 at 15]

---

[1] *In re: Jon Darrell Seawright*, No. 19-0321 (Bankr. S.D. Miss.).

[2] *Mills v. Seawright*, No. 20-111-NPO (Bankr. S.D. Miss.).

[3] *Mills v. Seawright*, No. 3:20-cv-323-CWR-BWR (S.D. Miss.).

[4] Doc. 7, *Mills v. Seawright*, No. 3:20-cv-323-CWR-BWR (S.D. Miss.).

[5] *Id.*

[6] Doc. 18, *Mills v. Seawright*, Case No. 3:20-cv-323-CWR-BWR (S.D. Miss.).

The Government later unsealed indictments against Alexander and Seawright and they pleaded guilty to conspiracy to commit wire fraud.[7] Their convictions became final in 2023. Because they associated and committed specifically proscribed acts, they violated Mississippi's civil RICO statute.

On November 3, 2025, Defendants moved for summary judgment on the Receiver's state-law RICO claim. Among other things, they argued the Court already dismissed the claim and nothing revived it. [230 at 31-32; 236 at 3, n.1]

On March 4, 2026, the Court granted summary judgment to Defendants on the claim, on the sole basis that "the Court has already dismissed the Receiver's RICO claims." [335 at 23] The Court, referring to "the Alexander Seawright Defendants' Motion to Dismiss," cited its prior order granting Alexander and Alexander Seawright LLC's motion to dismiss on May 5, 2021:

> In an Order issued in 2021, the Court explained "At present, none of today's defendants have been convicted of anything relating to this Ponzi scheme. It follows that the receiver's state RICO claim cannot proceed." To the extent that language could be ambiguous, the Order granted in part and denied in part the Alexander Seawright Defendants' Motion to Dismiss. The only portion of the Court's Order that can be read as granting that Motion in part is the portion regarding the Mississippi RICO claim. Although criminal convictions have occurred since the time of that dismissal, the Receiver has not reasserted this claim. This forecloses the Receiver from reviving it now. This claim remains dismissed.

The Court and the parties have reasonably referred to Alexander, Seawright, and Alexander Seawright LLC as the "Alexander Seawright Defendants" throughout these proceedings. But in this instance, the Court's order errs. As shown, the motion to dismiss to which it refers was filed by Alexander and Alexander Seawright LLC only. To the extent the Court already dismissed the Receiver's state-law RICO claim, it dismissed it against Alexander and Alexander Seawright LLC

---

[7] Doc. 15, *United States v. Seawright*, No. 3:22-cr-84 (S.D. Miss.); Doc. 17, *United States v. Alexander*, No. 3:23-cr-27 (S.D. Miss.).

only. It never dismissed the claim against Seawright. The claim against Seawright does not need to be revived; it is still good today, and summary judgment on it is improper.

## RELEVANT LAW

"[W]hen a party seeks to revise an order that adjudicates fewer than all the claims among all of the parties, Federal Rule of Civil Procedure 54(b) controls." *Southern Snow Manufacturing Co., Inc. v. Snowizard Holdings, Inc.*, 921 F. Supp. 2d 548, 563-564 (E.D. La. 2013) (citing *Halena Labs. Corp. v. Alpha Scientific Corp.*, 483 F. Supp. 2d 538 (E.D. Tex. 2007)).

"Under Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Texas L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (citations omitted). Compared to Rule 59(e), which governs motions to alter or amend final judgments, "Rule 54(b)'s approach to the interlocutory presentation of new arguments as the case evolves [is] more flexible, reflecting the inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires." *Id.* at 337.

The Receiver respectfully asks the Court to revise its order to correct the error on which its summary judgment relies. Seawright was not a party to the motion to dismiss to which the Court's order referred. The Court never dismissed the Receiver's state-law RICO claim against Seawright. The basis for the Court's summary judgment does not apply to Seawright or to Baker Donelson's vicarious liability for him. Given the error, justice unquestionably requires relief.[8]

In addition or in the alternative, the Receiver respectfully asks the Court to reconsider the basis for the Court's summary judgment. Even accepting that the Court unambiguously dismissed

---

[8] These circumstances would satisfy even a motion to alter a final judgment under Rule 59(e), which requires "manifest errors of law or fact." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).

4111345v1

the Receiver's state-law RICO claim against Alexander and Alexander Seawright LLC, no one disputes that the grounds for dismissal ceased to exist. There apparently is no protocol for the maintenance of a claim under circumstances such as this. Defendants themselves could not have fully believed the claim was no longer viable; if they had, they would not have moved for summary judgment on it. To the extent the Receiver was required to revive the claim notwithstanding that the grounds for its dismissal ceased to dismiss, it is not too late. The parties' scheduling order did not include a deadline for amendment, therefore Rule 15 alone governs leave to amend. Rule 15(a)(2) simply provides: "The court should freely give leave when justice so requires." "[T]his mandate is to be heeded." *Calhoun v. Collier*, 78 F.4th 846, 854 (5th Cir. 2023), *as revised* (Aug. 31, 2023). The Fifth Circuit recently reminded district courts that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.* Indeed, "[a]mendment can be appropriate as late as trial or even after trial." *Id.* at 853-54 (quoting *Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 598 (5th Cir. 1981)). Here, the underlying facts are a proper subject of relief, and the Receiver asserted the claim in her original and amended complaints [1, 57] and included it in a second amended complaint [201] that she asked to file at the close of discovery.[9] There is no bad faith, and no one can say they were unaware or prejudiced. Under such circumstances, justice requires leave to amend.

---

[9] Judge Rath did deny the motion to amend but only because he deemed it unnecessary. [220]

## CONCLUSION

The basis for the Court's summary judgment does not apply to Seawright or to Baker Donelson' vicarious liability for him. Given the error, the Receiver respectfully submits that the Court must revise its order accordingly.

In addition or in the alternative, the Receiver respectfully asks the Court to reconsider the basis for the Court's summary judgment and permit the Receiver an opportunity to amend.

Respectfully submitted,

| | |
|---|---|
| */s/ Lilli Evans Bass* | */s/ Kaja S. Elmer* |
| BROWN BASS & JETER, PLLC | FISHMAN HAYGOOD, LLP |
| Lilli Evans Bass, Miss. Bar No. 102896 | *Admitted pro hac vice* |
| 1755 Lelia Drive, Suite 400 | Brent B. Barriere |
| Jackson, Mississippi 39216 | Kaja S. Elmer |
| Tel: 601-487-8448 | Maggie Daly |
| Fax: 601-510-9934 | 201 St. Charles Avenue, Suite 4600 |
| bass@bbjlawyers.com | New Orleans, Louisiana 70170 |
| | Tel: 504-586-5253 |
| | Fax: 504-586-5250 |
| | bbarriere@fishmanhaygood.com |
| | kelmer@fishmanhaygood.com |
| | mdaly@fishmanhaygood.com |

4111345v1

CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of filing to all counsel of record.

March 5, 2026                                                         */s/ Kaja S. Elmer*

4111345v1