IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ALYSSON MILLS,** *in her capacity as*
*Receiver for Arthur Lamar Adams and*
*Madison Timber Properties, LLC,*

                    *Plaintiff,*

v.

**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ, PC,** *et al.,*

                  *Defendants.*

CAUSE NO. 3:18-CV-866-CWR-BWR

## ORDER

Baker Donelson hired John Houseal, Benjamin Cooper, and Kurt Peterson to provide expert opinions. The Receiver filed a motion challenging each. Docket No. 233. As discussed below, the Receiver's motion is granted with respect to Mr. Houseal, granted in part and denied in part with respect to Mr. Cooper, and denied with respect to Mr. Peterson.

## Legal Standard

The proponent of expert testimony must demonstrate that "it is more likely than not that [] the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue[.]" Fed. R. Evid. 702(a). *See also Carlson v. Bioremedi Therapeutic Sys.*, 822 F.3d 194, 199 (5th Cir. 2016) ("An expert witness's testimony should be excluded if the district court 'finds that the witness is not qualified to testify in a particular field or on a given subject.'") (quoting *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999)). "District courts must be assured that the proffered witness is qualified to testify by virtue of his 'knowledge, skill, experience, training, or education.'" *Wilson*, 163 F.3d

1

at 937 (quoting Fed. R. Evid. 702). Testimony that does not rest on relevant expertise "does not qualify as an appropriate expert opinion." *Taylor v. Detroit Diesel Realty, Inc.*, No. 3:12-CV-506, 2014 WL 2013348, at *3 (S.D. Miss. May 16, 2014). "Rule 702 does not mandate that an expert be highly qualified in order to testify about a given issue." *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009). "Differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility." *Id.*

Once satisfied the proposed expert is sufficiently qualified to testify, the Court then considers the twin requirements of relevance and reliability. "In *Daubert*, the Supreme Court instructed district courts to function as gatekeepers and permit only reliable and relevant expert testimony to be presented to the jury." *Wilson*, 163 F.3d at 937 (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590-93 (1993)).

"A party seeking to introduce expert testimony must show '(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.'" *Smith v. Goodyear Tire & Rubber Co.*, 495 F.3d 224, 227 (5th Cir. 2007) (quoting Fed. R. Evid. 702).

"[A]n expert may never render conclusions of law." *Goodman v. Harris Cty.*, 571 F.3d 388, 399 (5th Cir. 2009). The Fifth Circuit has "consistently held that legal opinions are not a proper subject of expert testimony because they do not assist the trier of fact in understanding the evidence, instead merely telling the trier of fact what result to reach." *BNY Mellon, N.A. v. Affordable Holdings, Inc.*, No. 1:09-CV-226, 2011 WL 2746301, at *1 (N.D. Miss. July 12, 2011) (collecting cases); *see also Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir.

1983) ("[A]llowing an expert to give his opinion on the legal conclusions to be drawn from the evidence both invades the court's province and is irrelevant.").

**Analysis**

The Court considers the challenges to each of Baker Donelson's experts in turn.

**1.      John Houseal**

The Receiver challenges the admission of Mr. Houseal. Her arguments amount to: (1) Mr. Houseal relies on credibility and factual determinations on matters for which he lacks personal knowledge; and (2) he does not have specialized knowledge upon which to base his opinion, because he is an expert in insurance coverage, not law firm management.

As to the former, experts may rely on information about which they have no personal knowledge. *Daubert*, 509 U.S. 579, 592 ("Unlike an ordinary witness, see Rule 701, an expert is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation.") (citing Fed. R. Evid. 701, 702, and 703). The Court does not believe the Receiver disagrees with this point. She is correct that "[c]redibility determinations and decisions as to the weight given to the testimony of fact witnesses are the province of the jury." *Van Winkle v. Rogers*, No. 6:19-CV-1264, 2022 WL 4231013, at *5 (W.D. La. Sep. 13, 2022) (citing *Palasota v. Haggar Clothing Co.*, 499 F.3d 474, 480 (5th Cir. 2007)). Experts may not tell the jury which witness(es) the jury should believe or present certain witness testimony as if it is established fact. Experts may, however, rely on an assumption that certain facts are true. That Mr. Houseal based his opinion on an assumption, alone, is not ground for exclusion.

The Receiver's latter challenge presents more reason for concern. Baker Donelson has identified Mr. Houseal's decades of experience practicing law as the knowledge and/or experience upon which he could base his opinions. The Court notes that "Rule 702 does not

3

mandate that an expert be highly qualified in order to testify about a given issue." *Huss*, 571 F.3d at 452. However, Mr. Houseal's proffered opinions are disconnected from his qualifications and the materials he reviewed. In other words, based on Mr. Houseal's report, Docket No. 245, his opinions lack foundation. Without a proper foundation, Mr. Houseal's opinions are unsupported and must be excluded. *Guile v. United States*, 422 F.3d 221, 227 (5th Cir. 2005) ("In the context of admissibility of expert testimony, this court has noted that 'if an opinion is fundamentally unsupported, then it offers no expert assistance to the jury.'") (quoting *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987)).

> Baker Donelson retained Mr. Houseal to opine on the following three issues:
>
> (1)   Whether Baker Donelson acted consistent with typical practice for law firms with respect to the employment of Brent Alexander and Jon Seawright;
>
> (2)   Whether the facts and circumstances known to Baker Donelson would have led a typical law firm following standard law firm practices to investigate or take disciplinary or corrective action with respect to Alexander's or Seawright's activities for the Alexander Seawright Timber Fund I, LLC ("ASTFI"); and
>
> (3)   Whether Mr. Houseal agrees with the expert report issued in this case by Marta-Ann Schnabel, dated June 20, 2025.

Docket No. 245 at 1. Mr. Houseal's report fails to identify the material upon which Mr. Houseal bases his determinations regarding what a typical law firm is or does. His report establishes that Mr. Houseal's legal career stretches 55 years but identifies only one law firm where he has practiced. *Id.* And he apparently did not review any material that could have provided him with a basis to ascertain what typical law firms do. *See id.* at 2 (listing the materials he considered in forming his opinions for this case and including only filings and

4

discovery documents from this case and the related criminal matters filed against Alexander and Seawright).

Without a basis for determining what a typical law firm is or does, Mr. Houseal has no foundation to opine on the first two issues above. Mr. Houseal's critique of Ms. Schnabel is also entangled in what typical firms do or what the "industry standard" is. *See, e.g.*, Docket 245 at 9 ("In my opinion, Baker Donelson's policies and management structure relating to the management of employees were reasonable, appropriate, and consistent with industry standards. Ms. Schnabel takes an overly broad and incorrect view of the law firm's supervisory duties."); *id.* at 12-13 (critiquing Ms. Schnabel within the section addressing whether a typical law firm would have investigated or disciplined Alexander or Seawright for their activities related to ASTFI). Without support, Mr. Houseal's opinions are unhelpful to the jury. *Guile*, 422 F.3d at 227. Mr. Houseal is excluded.

### 2. Benjamin Cooper

The Receiver issues a different challenge to Mr. Cooper. She admits that while he "is qualified to opine on whether an individual lawyer's conduct violates a rule of professional conduct," Docket No. 234 at 5-6, she argues that this is not the type of opinion he provides. To a degree, she is correct.

Mr. Cooper opines:

When Brent Alexander and Jon Seawright engaged in their timber investment business, they were not engaged in Baker Donelson's professional work. They were doing their own personal work.
. . . .
There is no claim in this case that Seawright or Alexander engaged in any misconduct with respect to their professional work or that the professional work of the firm suffered in any way.
. . . .

> Under the Rules, Baker Donelson and its managerial lawyers had no duty to supervise Alexander and Seawright in their outside investment activities which were unknown to them. Plaintiff's position is that Baker Donelson is responsible because, according to Plaintiff, the firm should have known about Alexander and Seawright's investment activities, but I am not aware of any authority or standard of practice under the Rules or otherwise that supports this standard of care or level of responsibility for managerial lawyers concerning the outside activities of firm employees.

Docket No. 245-1 at 3-4. These are not expert opinions. These are legal conclusions, which are not properly the subject of expert witness testimony. *See United States v. Milton*, 555 F.2d 1198, 1203 (5th Cir. 1977) ("[C]ourts must remain vigilant against the admission of legal conclusions, and an expert witness may not substitute for the court in charging the jury regarding the applicable law.") (citation omitted); *Manton v. Strain*, No. 09–CV-0339, 2010 WL 4364480, at *2 (E.D. La. Oct. 21, 2010) ("For ultimate legal conclusions, '[t]he judge is the source of law and the only expert needed by a jury.'") (quoting *Bodzin v. City of Dallas*, 768 F.2d 722, 725 (5th Cir.1985)). These opinions are excluded.

Other portions of his conclusions appear to merely make factual assertions, without providing any additional basis to support them, other than the implication that certain testimony or evidence ought to be given more or less weight. For example, he opines:

> The firm and its managerial lawyers (except for Seawright) did not know about Alexander and Seawright's timber investment business and therefore bear no ethical responsibility for that business under the Rules of Professional Conduct.

*Id.* at 4. This is an improper invasion of the jury's province and is inadmissible. *See Fetty v. City of Baton Rouge*, 518 F. Supp. 3d 923, 932 (M.D. La. 2021) (noting that by "simply accepting Defendants' version of the facts, [an expert's] report artificially bolsters and potentially elevates Defendants' version without any apparent basis for such enhanced credibility") (citation omitted). The factual premise of this opinion, as stated above, is inadmissible.

6

The Court is not convinced that Mr. Cooper must be excluded *in toto*. However, he may not offer legal conclusions,[1] and he may not claim (implicitly or explicitly) that certain disputed facts are true. He may base his opinions on assumptions, and issues with the factual assumptions upon which he relies may be properly addressed through cross-examination. In accordance with the foregoing, the Receiver's motion is granted in part and denied in part with respect to Mr. Cooper.

### 3.    Mr. Peterson

The Receiver's challenge to Mr. Peterson amounts to a request that the Court not allow him to simply narrate Baker Donelson's version of the facts. Mr. Peterson is subject to the same restrictions as all expert witnesses. Mr. Peterson also may not make legal conclusions or bolster facts for which he has no independent basis. Likewise, issues with factual assumptions underpinning his opinions are properly explored through cross-examination. The Receiver's motion is denied with respect to Mr. Peterson.

### Conclusion

The Court has considered all arguments raised by the parties; those not addressed in this Order would not have changed the result. The Receiver's motion, Docket No. 233 is granted in part and denied in part.

**SO ORDERED**, this the 19th day of March 2026.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[1] *See, e.g.*, Docket No. 289 ("The purpose of expert testimony is not to render legal conclusions.").