**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**ALYSSON MILLS,** *in her capacity as*
*Receiver for Arthur Lamar Adams and*
*Madison Timber Properties, LLC,*

                                       *Plaintiff,*

v.

**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ, PC,** *et al.,*

                                     *Defendants.*

CAUSE NO. 3:18-CV-866-CWR-BWR

## ORDER

Thirteen motions are presently pending. The first ten are motions in limine. The parties are familiar with the standard applicable to those motions. *See Starr Indem. & Liab. Ins. Co. v. River & Roads Directional Drilling, LLC*, No. 3:23-CV-215, 2025 WL 1174318, *1 (S.D. Miss. Apr. 22, 2025). The Court held a hearing on all pending matters on April 7, 2026. For the reasons discussed during the hearing, the reasons discussed herein, and to prepare this case for the orderly commencement of trial, currently set to begin April 20, 2026, the Court rules on each of these matters as follows.

**The Receiver's motion in limine, Docket No. 292, is granted in part and denied in part**. In her motion, the Receiver requests an order: (1) excluding evidence that Seawright and Alexander paid criminal restitution; (2) allowing evidence of Seawright's and Alexander's convictions and regulatory sanctions; and (3) allowing evidence of Seawright's bankruptcy fraud. With respect to the first request, the Receiver's motion is granted. Any issue of a set-off that may be due can be addressed through post-trial motion practice. With

1

respect to the latter two requests, the Receiver's motion is denied. The Court will not issue blanket determinations regarding the admissibility of these items. These determinations are better made on case-by-case basis, as the parties attempt to introduce them.

**Baker Donelson's first motion in limine, Docket No. 295, is granted**. Baker Donelson seeks an order prohibiting the Receiver from eliciting testimony or making argument about the privileged investigation conducted by and at the direction of Baker Donelson's General Counsel. The fact that an investigation occurred is separate from its contents; however, during the hearing, the Receiver did not demonstrate the relevance of the fact that an investigation occurred, and Baker Donelson made clear that it does not want the jury to know that it conducted an investigation. The only uses the Receiver identified for eliciting the fact that an investigation occurred invite the jury to infer the contents of the investigation, over which Baker Donelson has asserted privilege.[1] This minimal relevance, if any, is outweighed by prejudicial effect. Fed. R. Evid. 403. This motion is granted.

**Baker Donelson's second motion in limine, Docket No. 297, is denied**. Baker Donelson seeks an order precluding the Receiver from testifying to her factual findings about events that occurred before her April 2018 appointment as Receiver. Baker Donelson identifies four bases for its request: (1) the Receiver lacks personal knowledge, violating Rule 602; (2) the Receiver lacks first-hand knowledge, rendering her testimony hearsay; (3) the Receiver's selective invocation of privilege is impermissible; and (4) such testimony would be cumulative. The first, second, and fourth bases for this motion are generic. All testimony

---

[1] Because the Receiver has not seen the contents of the investigation, the evidence reviewed, or the findings and conclusions reached, it may be that the Receiver has in her hand some of the same evidence. Of course, she is permitted to use any such independently sourced evidence to advance her case.

must comport with the Federal Rules of Evidence, and the parties should raise objections as appropriate. The third basis was addressed at the hearing. The Receiver indicated that she does not intend to testify to matters over which she claimed privilege. Should she do so, Defendants may object at that time. This motion is denied.

**Baker Donelson's third motion in limine, Docket No. 299, is granted in part and denied in part**. Baker Donelson seeks an order excluding evidence of or reference to its liability insurance, including the ALAS Disclosure Form. At the hearing, the Receiver conceded that she does not intend to make general reference to Baker Donelson's malpractice insurance. The motion is granted to the extent it seeks to prohibit such general reference to the firm's insurance. However, the Court is not persuaded that the ALAS Disclosure Form, Docket No. 299-3, must be excluded. The portion of the motion that seeks that form's exclusion is denied. If a limiting instruction would assist the jury in focusing on the issues at stake rather than the existence of liability insurance, the parties should be prepared to offer one.

**Baker Donelson's fourth motion in limine, Docket No. 301, is denied**. Baker Donelson seeks an order precluding the Receiver and her counsel from making, introducing, or otherwise eliciting statements misrepresenting Alexander's and Seawright's guilty pleas. No party shall misrepresent evidence at trial. Although the parties agreed to this at the hearing, the Court is confident that these capable and skilled lawyers would not engage in this conduct, even absent such an agreement. This motion is unnecessary and therefore denied.

**Baker Donelson's fifth motion in limine, Docket No. 303, is denied**. Baker Donelson seeks an order precluding references to or admission of prior rulings of the Court in this case

3

or in related cases. This request does not identify all the documents it seeks to exclude; it is vague; and issuing such an imprecise ruling would be unhelpful. The Court will make such admissibility determinations on a case-by-case basis, as the parties attempt to introduce them. This motion is denied.

**Baker Donelson's sixth motion in limine, Docket No. 305, is denied**. Baker Donelson seeks an order excluding evidence of and references to the government's allegations concerning Alexander Seawright Transportation, LLC. This motion embraces some of the same issues addressed in the Receiver's motion in limine. Docket No. 292. Here too, the requested ruling is better made on a case-by-case basis. This motion is denied.

**Baker Donelson's seventh motion in limine, Docket No. 307, is denied**. Baker Donelson seeks an order precluding the Receiver from referencing or introducing evidence regarding Baker Donelson's financial condition, including its revenue, profits, value, or financial status. The Receiver may examine witnesses on Baker Donelson's size and sophistication. Furthermore, evidence of Baker Donelson's financial condition is relevant to punitive damages, if that matter is ultimately submitted to the jury. Should the Receiver make gratuitous references to the financial condition of the firm or references that bear little or no relevance to the disputes at issue, Defendants can object at that time. This motion is denied.

**Baker Donelson's eighth motion in limine, Docket No. 309, is granted**. Baker Donelson seeks an order precluding the Receiver from asking Baker Donelson's administrative employees about Alexander's and Seawright's criminal convictions. Knowledge concerning the conduct underlying these convictions is a fair area of inquiry generally; however, the Court is unconvinced that demonstrating knowledge of the

4

convictions themselves, which long post-dated the public revelation of the Ponzi scheme, serves any relevant purpose. This motion is granted.

**Baker Donelson's ninth motion in limine, Docket No. 311, is granted**. Baker Donelson seeks to bifurcate the issue of punitive damages from the remainder of the trial. The Receiver took no position on this motion; and the request comports with Mississippi law. This motion is granted.

**The Alexander Seawright Defendants' motion to join Baker Donelson's motions in limine, Docket No. 333, is denied as moot**. Following this filing, the Alexander Seawright Defendants refiled this submission as a joinder, rather than a motion requesting joinder. Docket No. 334. The motion is therefore moot.

**The Receiver's motion to correct judgment, Docket No. 340, is denied**. The Receiver requests that the Court amend its Order entering partial summary judgment, Docket No. 335, to reflect that the Mississippi RICO claim against Seawright remains live. Alternatively, the Receiver requests leave to amend her complaint. As for the latter request, the Court finds that trial is too imminent, currently scheduled to begin on April 20, 2026, to allow for amendment at this late stage. Further, the Receiver failed to attach a copy of her proposed amended pleading to this motion, in violation of the Local Civil Rules. L.U. CIV. R. 7(b)(2) and 15. That request is denied.

The Court now considers the former request. On May 5, 2021, the Court dismissed the Mississippi RICO claim because at that time "none of today's defendants have been convicted of anything relating to this Ponzi scheme." Docket No. 70 at 15. Nearly five years later, when ruling on the parties' cross-motions for summary judgment, the Court explained that "[a]lthough criminal convictions have occurred since the time of that dismissal, the Receiver

has not reasserted this claim. This forecloses the Receiver from reviving it now. This claim remains dismissed." Docket No. 335 at 22. The Receiver now argues that the motion to dismiss, upon which the Court's entry of partial summary judgment was based, was not filed on behalf of Seawright.[2] She argues that this means the claim was never dismissed against Seawright.

In most circumstances, it may be "incongruous and unfair to allow some defendants to prevail, while not providing the same benefit to similarly situated defendants," *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001); however, here the motion to dismiss expressly represented that it "d[id] not seek adjudication of any claims against Mr. Seawright individually." Docket No. 63 at 1. This could have persuaded the Court to test the sufficiency of this claim, as aimed at Seawright, against the substantive challenges issued during the parties' summary judgment briefing. The Receiver, however, never made the foregoing argument during that briefing. It was plain during that briefing that Defendants sought judgment on the Mississippi RICO claim based, in part, on this Court's prior dismissal. It was also clear that such a basis would not have full effect, especially in the case of Baker Donelson defending against vicarious liability, if the Court's prior dismissal were not effective against all Defendants. The Receiver is not in possession of information now that was unavailable to her during summary judgment briefing.

Additionally, the Receiver attempted in June 2025 to amend her complaint. Docket No. 201. While the proposed amended complaint contained the RICO claim, Docket No. 202-1 at 43, the Receiver made no mention of the RICO claim in her motion to amend, despite her

---

[2] At the time the motion to dismiss was filed, the case was stayed with respect to Seawright, as he had filed a petition for bankruptcy.

motion following the date of the 2023 guilty pleas that the Receiver later argued form a basis

for the the RICO claim against Seawright. The Magistrate Judge denied the Receiver's motion,

Docket No. 201, and the Receiver did not appeal that denial. The Receiver's failure to appeal

this ruling, combined with her failure to raise her current argument during the summary

judgment briefing results in a waiver. *See, e.g.*, *Pittman v. Boyd Biloxi, LLC*, No. 1:12-CV-64,

2013 WL 3283961, at *3 (S.D. Miss. June 28, 2013) ("Even an issue raised in the complaint but

ignored at summary judgment may be deemed waived.") (quotation marks and citation

omitted). This motion is denied.

**Lamar Adams's motion to quash the writ of habeas corpus ad testificandum, Docket No. 352, is denied**. Since the filing of this motion, an amended writ has issued, and Adams's

location has changed. As the Court requested during the hearing, the parties shall notify the

Court and the United States Marshals Service no later than 48 hours in advance of when they

expect Adams to testify, so that arrangements may be made for his transportation. This

motion is denied.

### Conclusion

The Court has considered all arguments raised by the parties; those not addressed in

this Order would not have changed the result. Baker Donelson's first, eighth, and ninth

motions in limine, Docket Nos. 295, 309, and 311, are granted. The Receiver's motion in

limine, Docket No. 292, and Baker Donelson's third motion in limine, Docket No. 299, are

granted in part and denied in part. Baker Donelson's second, fourth, fifth, sixth, and seventh

motions in limine, Docket Nos. 297, 301, 303, 305, 307, the Receiver's motion to correct

judgment, Docket No. 340, and Lamar Adams's motion to quash the writ of habeas corpus

ad testificandum, Docket No. 352, are denied. The Alexander Seawright Defendants' motion

to join Baker Donelson's motions in limine, Docket No. 333, is denied as moot.

**SO ORDERED**, this the 10th day of April 2026.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE