### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**ALYSSON MILLS,** *in her capacity as*
*Receiver for Arthur Lamar Adams and*
*Madison Timber Properties, LLC,*

                        *Plaintiff,*

v.

**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ, PC,** *et al.,*

                    *Defendants.*

CAUSE NO. 3:18-CV-866-CWR-BWR

## ORDER

Receiver Alysson Mills filed a motion to strike the supplement to the expert report of

Donna Ingram. The Supplement is untimely. The Receiver's motion is granted.

On April 13, 2026, one week before trial of this matter began, Defendant Baker

Donelson served the Receiver with a "Supplement to the Expert Report of Donna M. Ingram"

(the "Supplement"). Docket No. 379. The Supplement detailed adjustments to Ms. Ingram's

calculations that she made in response to an Order, Docket No. 342, the Court issued a month

prior. The Supplement also included nine new "alternative versions" of exhibits to Ms.

Ingram's report. Docket No. 379 at 2.

The Court's prior Order did not require or allow the Supplement. In the prior Order

at issue, the Court determined that "Ms. Ingram may not offer calculations or testimony that

simply ignore the law in Mississippi that corporate entities are separate from their owners

and shareholders." Docket No. 342 at 4. This did not strike a particular portion of Ms.

Ingram's report because, as the Court noted, the Receiver did not "identify specific portions

1

of Ms. Ingram's opinion that violate this principle." *Id.* Instead, the Court indicated that the

"Receiver may raise an appropriate objection at any time Ms. Ingram attempts to do so." *Id.*

The Court's Order required that Ms. Ingram's testimony comport with applicable principles

of Mississippi law. It did not invite supplementation of an expert report months after the

deadline for expert discovery and on the eve of trial.

The Supplement is untimely. "A party is under a duty to supplement disclosures at

appropriate intervals under FED. R. CIV. P. 26(e) and in no event later than the discovery

deadline established by the case management order." L. U. Civ. R. 26(a)(5). Given the

complexity of this case, the case management order separated discovery into stages rather

than provide a single "discovery deadline." The final discovery related deadline established

by the case management order was September 23, 2025. Docket No. 153. The Supplement was

not disclosed until April 13, 2026.

The Receiver requests that the Court strike the Supplement as untimely. "If a party

fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is

not allowed to use that information or witness to supply evidence on a motion, at a hearing,

or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

To determine whether to strike the Supplement and any testimony based on the same, due

to Baker Donelson's failure to properly and timely disclose required information, the Court

considers four factors:

> (1)    the importance of the witnesses' testimony;
> (2)    the prejudice to the opposing party of allowing the witnesses to testify;
> (3)    the possibility of curing such prejudice by a continuance; and
> (4)    the explanation, if any, for the party's failure to comply with the discovery order.

*Midwest Feeders, Inc., v. Bank of Franklin*, No. 5:14-CV- 78-DCB-MTP, 2016 WL 6088338, at *3 (S.D. Miss. Oct. 18, 2016) (citing *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 572 (5th Cir. 1996)).

The first factor weighs slightly in favor of exclusion. The Supplement alters Ms. Ingram's calculations in response to the Court's Order, requiring that she not simply ignore Mississippi law. Docket No. 342. That she chose to do so in her prior calculations was a risk (one that Defendant apparently judged worth taking). Defendant may not now, having lost that gambit, credibly assert that the material in the Supplement is of paramount importance. If it were, it could have been included in Ms. Ingram's original report. The Court's Order— to comply with Mississippi law—did not contain information that was unavailable to Defendant at the time Ms. Ingram prepared her original report.

The second factor weighs heavily in favor of exclusion. The Supplement, provided on the eve of trial, contains over 100 pages of information, including nine new "alternative versions" of exhibits to Ms. Ingram's report. Allowing this type of late disclosure would undermine the purpose of conducting expert discovery well in advance of trial and deprive the Receiver the opportunity to depose Ms. Ingram on the contents of the Supplement.

The third factor weighs heavily in favor of exclusion. A continuance is unavailable at this late stage. Trial began six days after this disclosure.

The final factor weighs in favor of exclusion. Baker Donelson points to the Court's prior Order, Docket No. 342, as the only explanation for the timing of the Supplement. As discussed above, the Court's Order did not require or invite the Supplement.

The Receiver's motion is granted. The Supplement is excluded. Ms. Ingram will be allowed to testify consistent with this Court's Order. *See* Docket No. 342. She will be subject to cross examination on the contents of her timely disclosed report.

**SO ORDERED**, this the 6th day of May 2026.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

4