### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

ALYSSON MILLS, *in her capacity as*
*Receiver for Arthur Lamar Adams and*
*Madison Timber Properties, LLC*

                                   *Plaintiff,*

*v.*

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC, *et al.,*

                                  *Defendants.*

CAUSE NO. 3:18-CV-866-CWR-BWR

### JURY VERDICT

       You are directed to answer the following questions in accordance with the Court's instructions. The answer to each question must be unanimous.

1. Civil Conspiracy:

   Has the Receiver proved her claim for civil conspiracy against Brent Alexander or Jon Seawright by clear and convincing evidence?

   | | | |
   |---|---|---|
   | Brent Alexander: | Yes _____ | No _X_ |
   | Jon Seawright: | Yes _____ | No _X_ |

2. Aiding and Abetting:

   Has the Receiver proved her claim for aiding and abetting against Brent Alexander or Jon Seawright by a preponderance of the evidence?

   | | | |
   |---|---|---|
   | Brent Alexander: | Yes _X_ | No _____ |
   | Jon Seawright: | Yes _X_ | No _____ |

21

8. Negligent Supervision:

Has the Receiver proved her claim for Negligent Supervision against Baker Donelson for failure to supervise by a preponderance of the evidence?

Yes __X__          No _____

9. Negligent Supervision Damages:

If you answered "Yes" to Question 8, identify what amount of money, if any, will fairly compensate the receivership estate for injuries proximately caused by Baker Donelson's negligent supervision of Brent Alexander and Jon Seawright.

$ __1.4m____

10. Failure to Mitigate:

Has any Defendant proved by a preponderance of the evidence that the Receiver could have mitigated damages by taking reasonable steps to recover profits Madison Timber paid to investors who were "net winners"?

Yes __X__          No ____

11. Failure to Mitigate Damages:

If you answered "Yes" to Question 10, what amount of damages, if any, has one or more of the Defendants proved that the Receiver could have recovered if the Receiver had taken reasonable steps to recover profits Madison Timber paid to investors who were "net winners"?

$ __10m_____

23

3.  Joint Venture:

Has the Receiver proved her claim for wrongful joint venture against Brent Alexander or Jon Seawright by a preponderance of the evidence?

Brent Alexander:       Yes _____        No _X__
Jon Seawright:         Yes _____        No _X__

4.  Civil Conspiracy, Aiding and Abetting, and Joint Venture Damages:

If you answered "Yes" to Questions 1, 2, and/or 3, identify what amount of money, if any, will fairly compensate the receivership estate for injuries proximately caused by the liable Defendant(s)' wrongful conduct.

$ 1.4m

5.  Scope of Employment:

If you answered "Yes" to Questions 1, 2, and/or 3, do you find by a preponderance of the evidence that Brent Alexander and/or Jon Seawright acted within the scope of employment by Baker Donelson when they committed the wrongful acts?

Yes _____              No _X__

6.  Apparent Authority

If you answered "Yes" to Questions 1, 2, and/or 3, do you find by a preponderance of the evidence that Brent Alexander and/or Jon Seawright acted with Baker Donelson's apparent authority when they committed the wrongful acts?

Yes _X__               No _____

7.  Ratification:

If you answered "Yes" to Questions 1, 2, and/or 3, do you find by a preponderance of the evidence that Baker Donelson ratified Brent Alexander's or Jon Seawright's wrongful acts?

Yes _____              No _X__

22

**Please sign and date this verdict form and alert the Court Security Officer you have reached your verdict.**

Dated: _May 20_____, 2026